### McCARTY v. NEW YORK, L. E. & W. R. CO.

(Circuit Court, S. D. New York.  July 2, 1894.)

DEATH BY WRONGFUL ACT—WHO MAY SUE—JURISDICTION OF FEDERAL COURTS.
    Under a state statute giving a right of action for damages for death caused by wrongful act to the personal representative of the deceased, for the exclusive benefit of the widow and next of kin, an administrator, appointed in and a citizen of the state, may maintain such an action for the death of the intestate, against a citizen of another state, in a United States circuit court in that state.

This was an action by Mary McCarty, administratrix of Michael McCarty, deceased, against the New York, Lake Erie & Western Railroad Company for damages for the death of said Michael McCarty. Defendant demurred to the complaint.

A. G. Vanderpoel, for plaintiff.

F. B. Jennings, for defendant.

WHEELER, District Judge.  The plaintiff is a citizen of New Jersey, and, as administratrix, appointed there, the personal representative of Michael McCarty, a citizen of New Jersey, whose death is alleged to have been caused in New Jersey by the wrongful act of the defendant, a corporation, and, as such corporation, a citizen of New York.  The action is given to the personal representative by a statute of New Jersey which provides that in it "the jury may give such damages as they shall deem fair and just with reference to the pecuniary injury resulting from such death of the wife and next of kin," and that "the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin."  Revision, p. 294, § 2.  The defendant, by demurrer, raises the question whether the plaintiff can, on the right acquired by being appointed administratrix in New Jersey, maintain this action in this court out of New Jersey.  This right of recovery did not arise in the life of the intestate, and could not ever accrue to him; the recovery is not for anything that ever was any part of his estate; the amount recovered, if any, will belong to the widow and next of kin, and can never be any part of the assets of the estate.  The words "personal representative," in the statute, mean the administrator.  Dennick v. Railroad Co., 103 U. S.

11. The administration of estates is strictly local, but this suit is not any part of such administration. The plaintiff, by becoming administratrix, became the person to whom the right of action was given. The administration merely designated the person; the statute gives the right of recovery. A mortgage of land in New York authorized the mortgagee, of Vermont, his executors, administrators, or assigns, to sell; a sale by any executor in Vermont was good, because the letters there merely designated the person to execute the power. Doolittle v. Lewis, 7 Johns. Ch. 45. An administrator in another jurisdiction would have the right to sue there, under this statute, when there was no administrator in New Jersey. Dennick v. Railroad Co., supra. But this does not show that an administrator in New Jersey, who had acquired the right of recovery, might not sue elsewhere. In that case, Mr. Justice Miller, in delivering the opinion of the court, said:

"Whenever, by either the common law or the statute law of a state, a right of action has become fixed, and a legal liability incurred, that liability may be enforced, and the right of action pursued, in any court which has jurisdiction of such matters, and can obtain jurisdiction of the parties."

The same right exists as to any cause of action accruing to an administrator concerning even assets of the estate.

"So, too, where the title to property in possession, and even in choses in action of a negotiable character, becomes perfected, under the administration, in one state or country, any action requisite to vindicate and enforce such title may be maintained without recourse to any local administration." 2 Redf. Wills, c. 1, § 2.

After the plaintiff had become administratrix in New Jersey, and this cause of action had accrued to her there, it could not again accrue to any other administrator elsewhere; and she would be the only person who could sue upon it anywhere. As the requisite diversity of citizenship exists, she is entitled to sue in this court.

Demurrer overruled, with leave to withdraw it, and answer over by August rule day.