# STEWART

*v.*

# THE BALTIMORE & OHIO RAILROAD COMPANY.

---

DEATH BY WRONGFUL ACT; RULE OF STATE COMITY AS APPLICABLE TO TORTS

1. The act of Congress of February 17, 1885 (23 Stat. 307), allowing suits to be brought where death results from the wrongful act of another, applies only to cases where the death occurs in this District, and is inapplicable where the alleged wrongful act and death occur elsewhere.

2. The dissimilarity between the act of Congress relating to suits in this District for death by wrongful act, and the statute of Maryland relating to the same subject, is such that such an action based upon the Maryland statute is not maintainable here under the rule of State comity where the alleged wrongful act and death occurred in that State.

No. 403.   Submitted March 20, 1895.   Decided April 1, 1895.

HEARING on an appeal by the plaintiff from a judgment on demurrer in an action by an administratrix for the death of her intestate by alleged wrongful act.   *Affirmed.*

The COURT in its opinion stated the case as follows :

The case was as follows : John Andrew Casey, late of the District of Columbia, was employed as postal clerk in the service of the United States, and on a car of the defendant company, when, on the 6th of October, 1888, he was killed in a collision on the defendant's road in the State of Maryland, between two stations known as Dickerson and Tuscarora, through the negligence, as it is alleged, of the defendant's agents.   He left a widow, Alice Triplett Casey, but no parent or child.

The plaintiff took out letters of administration on Casey's estate in the District of Columbia, and brought this suit for the use of the widow, to recover damages for the wrongful negligence which caused the death.

The declaration contains two counts. They both show the death to have been caused in the State of Maryland. But the first count claims relief generally, as if it might be had under the laws of this District; whereas the second sets forth the provisions of the revised code of Maryland, affecting this subject, and bases the claim upon them. A demurrer was filed on these grounds, viz.:

1. There can be no recovery in the District of Columbia for the death of the plaintiff's intestate in the State of Maryland, by the alleged wrongful act of the defendant.

2. The provisions of the Maryland act cannot be enforced in the District of Columbia.

The demurrer was sustained, and judgment entered for the defendant, from which the plaintiff appealed to this Court.

*Messrs. Cook & Sutherland* for the appellant:

1. Admitting the suit to have been improperly brought and the service to have been wrongfully made, the defendant would have had a defense of a personal nature, to wit, want of jurisdiction of the defendant, which it could and did waive by appearing and pleading. *Dennick* v. *Railway Co.*, 103 U. S. 11. The withdrawal of the plea and filing the demurrer should not have been allowed after the lapse of so long a time, because the defendant had been guilty of gross laches, and the situation of the plaintiff had materially changed.

2. The action is transitory in its nature and the venue immaterial. Transitory actions at the common law were entertained against, and at the suit of, any British subject or alien friend, wherever the cause of action really arose, if process might be served upon the defendant. Nor was there any distinction in this respect whether the cause of action was *ex contractu* or *ex delicto*. The same principle has been recognized and applied to personal injuries or torts. Westlake Priv. Int. Law, 105, S. 120; *Cox* v. *United*

*States*, 6 Pet. 172 ; *Caldwell* v. *Harrington*, 9 Pet. 86 ; *King* v. *Sarria*, 69 N. Y. 24 ; *Green* v. *Van·Buskirk*, 7 Wall. 139. The rule, being founded on the principle of comity, the foreign law, if not contrary to the public policy of the country where the suit is brought, nor to abstract justice or pure morals, will be recognized and enforced. *Phillips* v. *Eyre*, L. R. 62 B. 1 ; *Wall* v. *Hoskins*, 5 Ired. (N. C. L.) 177 ; *Hopkins* v. *Railway Co.*, 115 Mass. 176.

There is nothing in the Maryland act, either in terms or by fair implication, which would warrant the conclusion that causes of action arising under that act can only be brought and enforced in that State.

So far as this District is concerned, the question has been settled beyond all controversy by the Supreme Court of the United States ; which has held, in unqualified terms, that the action of tort for death by wrongful act is transitory in its nature and the venue immaterial. *Dennick* v. *Railway Co.*, 103 U. S. 11. See also *Railway Co.* v. *Cox*, 145 U. S. 593 ; *Huntington* v. *Attrill*, 146 U. S. 657 ; *Railroad Co.* v. *Babcock*, 154 U. S. 190.

The question is one of general law and definitely established in favor of the entertainment of jurisdiction by a foreign tribunal of such cases, unless it would be against good morals or natural justice, or unless for some other such reason, the enforcement of it would be prejudicial to the general interests of the citizens of the State where the remedy is sought to be enforced. See *Wooden* v. *Railway Co.*, 126 N. Y. 10 ; *Burns* v. *Railway Co.*, 113 Ind. 169 ; *Knight* v. *Railway Co.*, 108 Pa. St. 250 ; *Railway Co.* v. *Nix*, 68 Ga. 572 ; *Railway Co.* v. Lewis, 24 Neb. 848 ; *Railway Co.* v. *Ayres*, 16 Lea. (Tenn.) 725 ; *Higgins* v. *Railway Co.*, 155 Mass. 176 ; Rorer on Interstate Law (2d ed.), 217 ; *Herrick* v. *Railway Co.*, 127 U. S. 210.

3. The plaintiff did not attempt to enforce the provisions of the Maryland act, but to pursue a right accruing to him by virtue of that act, and sought his remedy in accordance with the mode of procedure of the local forum, on the

theory that where the right is found the remedy must follow, of course, and that the defendant being a domestic corporation was entitled to the remedial limitations provided by the local forum.

The liability of the defendant company is a personal one; and a personal liability created by the statute of another State, will, as other personal obligations, be enforced according to the course of procedure in the place where the defendant is found. *Lowry* v. *Innman,* 46 N. Y. 119; *Pickering* v. *Fisk,* 6 Vt. 102 ; *Railway Co.* v. *Sprayberry,* 8 Bax. (Tenn.) 341 ; *McDonald* v. *Mallory,* 77 N. Y. 547 ; *Whitford* v. *Railway Co.,* 23 N. Y. 465 ; *Vanderventer* v. *Railway Co.,* 27 Barb. 244 ; *Railway Co.* v. *Miller,* 19 Mich. 305.

The variance in the party designated by the Maryland statute and the party actually suing is not such an one as to bar the action.    The party actually suing does not sue in his broad representative capacity, but as trustee for the beneficial party in interest, who is the same under both statutes.    And if it were deemed necessary to comply literally with the Maryland statute, the compliance could be easily made, by amendment, as the amendment would be one of form and not of substance, and, when made, would relate back to the time of filing the suit.

*Messrs. Hamilton & Colbert* for the appellee.

Mr. Justice Cox, of the Supreme Court of the District of Columbia, who sat with the Court in the hearing of the case in the place of Mr. Justice MORRIS, delivered the opinion of the Court:

It is very clear that the act of Congress, 23 Stat. at Large, p. 307, providing relief for cases like that described in the declaration, applies only to such casualties occurring in the District of Columbia, and is inapplicable to the present case.

The demurrer, therefore, is well taken, as to the first

ground alleged, which is understood to present this question.

The only debatable question is, whether this action can be maintained by virtue of the provisions of the code of Maryland set out in the declaration.

The Maryland law, like those of the States generally, and our act of Congress, in its main features, is copied from Lord Campbell's act, and provides that: " Whenever the death of a person shall be caused by the wrongful act, neglect or default of another, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, the person who would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death shall have been caused under such circumstances as amount in law to felony."

In respect to the form of remedy provided, it differs from other statutes. It enacts that: " Every such action shall be for the benefit of the *wife, husband, parent* and *child* of the person whose death shall have been so caused, and shall be brought *by and in the name of the State of Maryland, for the use of the person entitled to damages,* and in every such action the jury may give such damages as they may think proportioned to the injury resulting from such death to the parties respectively for whom and for whose benefit such action shall be brought, and the amount so recovered, after deducting the costs not recovered from the defendant, shall be divided amongst the above mentioned parties, *in such shares as the jury by their verdict shall find and direct."*

In contrast with this, our statute provides that " Every such action shall be brought *by and in the name of the personal representative of the deceased person;"* and that the damages recovered " shall inure to the benefit of his or her family, and *be distributed according to the provisions of the Statute of Distributions in force in the District of Columbia."*

Under the law of Maryland, the damages for the injuries described in this case would go to the wife. Under our

statute, if it had occurred in the District, they would be divided equally between the wife and any collateral next of kin.

It will thus be seen that the equitable plaintiff is seeking to recover damages given by a law of Maryland for an injury suffered in that State, by means of a remedy provided by the laws of this District for an injury suffered here. Can this be done?

The case of *Dennick* v. *Railway Co.*, 103 U. S. 11, is, of course, the leading authority for us on this subject of recovery for injuries causing death. That was an action by the administratrix of a party killed, through negligence, in New Jersey, who had taken out letters and brought her action in New York. The laws of New York and New Jersey were similar, and gave the right of action to the same person, *the personal representative.* When the court decided to apply the rule of State comity to *torts*, which had theretofore only applied to contracts, *i. e.* when they held that what was made an actionable *tort* in one State must be so treated everywhere else, there was no difficulty in holding that the person to whom the right of action was given in both States might sue in either.

But the present case presents quite a different question, the action being brought by a person to whom the statute under which relief is sought does not give a right of action.

The case of *Dennick* v. *Railway Co.*, like all others, recognizes the right to damages for an injury causing death as a novelty in the law—as a right which did not exist at common law, but which is entirely statutory. And here the plaintiff is confronted with the rule, that, in such case, the remedy provided by the statute is the only one that can be resorted to.

This was recognized in the case of *Pollard* v. *Bailey*, 20 Wall. 520. A law of Alabama made stockholders of a bank individually liable for the debts of the bank, and according to the construction given to the law by the Supreme Court the remedy provided by the law was a suit in equity,

whereas in that case a single creditor had sued one of the stockholders at common law. The court said: " *The individual liability of stockholders* in a corporation for the payment of its debts *is always a creature of statute. At common law it does not exist.* The statute which creates it may also declare the purposes of its creation and provide for the manner of its enforcement. * * * *The liability and the remedy were created by the same statute. This being so, the remedy provided is exclusive of all others.* A general liability created by statute, without a remedy, may be enforced by an appropriate common law action. *But when the provision for the liability is coupled with a provision for a special remedy, that remedy, and that alone, must be employed.*"

So, in the case of *Fourth National Bank of New York* v. *Francklyn*, 120 U. S. 747, it appeared that the statutes of Rhode Island made the stockholders of a manufacturing corporation individually liable for its debts, and directed that the proceeding to enforce the liability should be either by suit in equity or by action of debt on a judgment first obtained against the corporation. It was held that a creditor could not bring a suit at law against the executor of a stockholder of a Rhode Island corporation in the State of New York without having obtained judgment against the corporation, even if the corporation had been adjudged bankrupt. The court reaffirmed the doctrine of *Pollard* v. *Bailey*, saying: " In all the diversity of opinion in the courts of the different States upon the question how far a liability imposed upon the stockholders in a corporation by the law of the State which creates it, can be pursued in a court beyond the limits of that State, no case has been found, in which such a liability has been enforced by any court, without a compliance with the conditions applicable to it under the legislative acts and judicial decisions of the State which creates the corporation and imposes the liability. To hold that it could be enforced without such compliance would be to subject stockholders residing out of the State to a greater

burden than domestic stockholders.    The provisions of the
Rhode Island statutes which made the stockholders of the
Atlantic De Laine Company liable for its debts were coupled
with provisions prescribing the form of the remedy  *    *    *
By the decisions of this court, as well as  by those of the
courts, both State and Federal, held within the State and
District of Rhode Island, and of the highest court of Mas-
sachusetts, where these provisions had their origin and their
first judicial construction, *this liability can be enforced only in
the mode prescribed by the statutes of Rhode Island.*    The
present suit, therefore, not being a bill in equity, or an ac-
tion upon a judgment against the corporation, which are the
only forms of remedy authorized by these statutes, *but being
an independent action at law upon the original liability of the
stockholder, cannot be maintained,* and the Circuit Court
rightly so held."

These cases seem to fit the present case exactly.    If the
legislature of Maryland had simply declared, generally, that
a person causing the death of another wrongfully or negli-
gently, should be liable in damages to the family of the
deceased, they might, in their own names, have instituted
suit.    But since a particular form of action is prescribed,
they are confined to that.

Again, it must be very clear that this action could not
have been maintained in the State of Maryland.    To hold
that it can be maintained here would be to subject the de-
fendant to different kinds of suits in every State in which
they may happen to be instituted, which could not have
been intended.

There may be the best of reasons for confining the parties
intended to be benefited to the very form of relief provided
in the statute.    The policy of the Maryland law was to confine
that relief to the immediate family of the deceased, viz : the
wife, parent and child of a man.    But in some of the States
it is extended to collaterals, and in others it enures to the
estate generally.    Tiffany's Death by Wrongful Act, sec.
25, 81.    While it is true that an administrator suing in

another State to enforce rights given by the statute of Maryland, might, as the Supreme Court say in *Dennick* v. *Railway Co.*, be required by the court to apply the proceeds according to the Maryland law, yet, on the other hand, it is also true that the administrator is subject to the law of his State, and by that law he might not be allowed to make such application, but might be required to administer them for the benefit of creditors and next of kin generally, which would be entirely contrary to the policy and intent of the Maryland law, which does not treat the damages recovered · as the subject of administration.

We are, therefore, of opinion that the present suit by the administrator, to claim the damages allowed by the code of Maryland for the injury alleged in the declaration, cannot be maintained, and that an action therefor can only be maintained, under that code, by and in the name of the State of Maryland.

But we further think, that even this form of action was not intended by the Maryland code to be authorized except in the courts of that State. It is incredible that the State would consent or intend to be a suitor in the courts of another jurisdiction, in a matter not of public interest, especially where it would or might be for the use of a citizen of another State against her own citizens. And that is exactly this case, the defendant being incorporated by, and being, for certain purposes, a citizen of Maryland.

Again, the statute of Maryland gives the action for the use of the wife, parent and child, not apportioning the damages among them, but leaving that to be done by the trial jury; and it is hardly to be supposed that the State of Maryland would attempt to impose a duty of that sort upon juries of other States, or any others than the juries subject to her legislative control.

If such be the intent of the Maryland statute, it would seem that no relief can be had under it in any other State.

A similar question was made in the case of *Bruce's Admr.* v. *Cincinnati Railroad Co.*, 83 Kentucky, 174. That was a

suit in Kentucky against the railroad company, by the ad-ministrator of a brakeman who had been killed in a collis-ion on defendant's road in Tennessee.   The court say (page 183): "But counsel suggest, as a question, whether the Tennessee statute confers the right of action, in a case like this, *alone upon a personal representative of its own appoint-ment*, or on any personal representative.   The tacit adoption of it by this State being presumed, the main inquiry is, *whether the operation of the statute* is, by its own terms *or by fair construction*, restricted to that State.   *If it is, then the controversy is at an end, for no one can maintain an ac-tion under it in this State.*"   And again, referring to a pre-vious case, of *Taylor's Admr.* v. *The Pennsylvania Com-pany*, 78 Ky., the court say : "It was true that it was held in that case that the Indiana statute *was not intended to have any extra-territorial operation.*   But the reason it was so held was, that the administrator appointed under the laws of this State could not take the right of action in that case in virtue of his office, but as a trust for the widow, chil-dren and next of kin of the deceased; *and thus he would have to be invested with rights and perform duties which the Indi-ana legislature had no power to prescribe, and which it is presumed it did not intend to prescribe, except as to personal representatives appointed in that State.*"   Again: "But it is proper to say that in our opinion, whenever the statute of another State gives a right of action for the destruction of the life of one person, by the negligence of another, such action may be maintained here, *unless the court is satisfied it was not intended to operate beyond the limits of the State enacting it.*"

The above language is particularly appropriate to that part of the Maryland statute referring to the duty of juries in actions under the statute.   That State had no power, *and could not have intended*, to charge upon the juries of other States the duty of deciding the claims of the respec-tive beneficiaries to damages recovered in these actions.

The final objection to the maintenance of the present ac-

tion is one foreshadowed in what has already been said, viz., that, in the language of Story's Conflict of Laws, sec. 556: "It is universally admitted and established, that the forms of remedies, and the modes of proceeding, and the execution of judgments, are to be regulated solely and exclusively by the laws of the place where the action is instituted; or, as the civilians uniformly express it, according to the *lex fori;*" and that the proceeding directed by the Maryland code is entirely foreign to the forensic law of this District, and could not be prescribed by the State of Maryland, for the government of our courts.

One of the very questions to be determined by the *lex fori* is, *who is to sue* for a wrong? For example, as between assignor and assignee of a chose in action, that is to be determined by *this* law (Story's Conflict of Laws, sec. 566); and in common law courts this would be held in one way, while in courts governed by the Roman civil law it might be different. See, also, a discussion of this subject in *Glenn v. Busey*, 5 Mackey, 243.

The Maryland code recognizes a death wrongfully caused as an injury to the wife, child and parent of the decedent. In this District, while we recognize actions *ex contractu* as properly brought by one for the use of another, an action *ex delicto* of that kind is unknown. By the common law, which is our *lex fori*, an action of that kind must be brought by the party injured, an exception being made only by our statute in relation to deaths wrongfully caused in this District, in which case, as if the cause of action survived, the personal representative may sue and distribute any damages recovered as the rest of the personal estate of the decedent, according to our statute of distributions. We are compelled by the authority of *Dennick v. Railway Co.*, to recognize the right to indemnity of the family of a decedent whose death was caused in Maryland by negligence; but we are not obliged to recognize the State of Maryland as a proper suitor in our courts in their behalf.

Again, the statute of Maryland gives the right to damages to the wife, parent and child of a male victim, but instead of designating the proportions in which they shall be entitled, leaves that to be decided by a jury.  Suppose the statute had in terms provided that in any suit brought in another State for a death wrongfully caused in Maryland, the damages should be divided among the parties in such manner as should be decided by the court trying the suit ; could it be maintained that the court of a sister State could derive any authority or jurisdiction from the act of Maryland so to decide?  And could it, with even as much show of reason, be held that the statute in question could *impose a duty upon the court* so to decide?  And if not the court, could the jury of another State be charged with any such duty ?

These questions must be answered in the negative.  If the legislature of Maryland, instead of defining rights, leaves them to be decided elsewhere, it may speak with authority as to the tribunals of their own State, but they can neither confer authority nor impose a duty on those of another jurisdiction.  If so, their statute under consideration cannot be executed in this District.

The equitable plaintiff, then, would seem to be in this predicament, to wit, that she cannot sue, claiming under the law of Maryland, except by and in the name of that State, and that she cannot bring such a suit in this District because first, the statute *does* not authorize such a suit, and next, because it *could* not authorize such a suit, if the legislature of Maryland had so intended.

We are therefore satisfied that the demurrer was properly sustained.  *The judgment must be affirmed.*