## PEARSON v. NORFOLK & W. RY. CO.

(District Court, W. D. Virginia. February 6, 1923.)

**Death ☞31(4)—Foreign administrator entitled to sue.**

The rule in force in Virginia that a foreign administrator may not maintain an action in its courts to recover assets of the estate is for the protection of possible local creditors, and does not apply to an action by a foreign administrator to recover for the death of his intestate, based on Code W. Va. 1913, c. 103, §§ 5, 6 (secs. 4409, 4410), which provide for distribution of the amount recovered and that it "shall not be subject to any debts or liabilities of the deceased."

At Law. Action by A. C. Pearson, administrator of the estate of Ambrose Pearson, deceased, against the Norfolk & Western Railway Company. On demurrer to declaration. Overruled.

Wm. H. Werth, of Tazewell, Va., and Wm. A. Stuart, of Abingdon, Va., for plaintiff.

Staples, Cocke & Hazlegrove, of Roanoke, Va., for defendant.

McDOWELL, District Judge. The declaration in this case begins as follows: "A. C. Pearson, administrator of the estate of Ambrose Pearson, deceased, plaintiff, comes and says," etc. The plaintiff is alleged to be a citizen of North Carolina; the defendant to be a corporation created under the laws of Virginia, having its principal office in this district. The action is for the alleged negligent killing in West Virginia of Ambrose Pearson by the defendant's employees. The West Virginia wrongful death statute reads as follows:

"*Action for Wrongful Death.*—Whenever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect or default is such as would (if death had not ensued), have entitled the party injured to maintain an action to recover damages in respect thereof; then, and in every such case, the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to murder in the first or second degree, or manslaughter.

"*Same; Party Plaintiff, Damages, Distribution; Limitation.*—Every such action shall be brought by and in the name of the personal representative of such deceased person; and the amount recovered in every such action shall be distributed to the parties and in the proportion provided by law in relation to the distribution of personal estate left by persons dying intestate. In every such action the jury may give such damages as they shall deem fair and just, not exceeding ten thousand dollars, and the amount so recovered shall not be subject to any debts or liabilities of the deceased: Provided that every such action shall be commenced within two years after the death of such deceased person."

Code 1916, §§ 5 and 6, c. 103 (Code 1913, c. 103, §§ 5, 6 [secs. 4409, 4410]).

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Desiring to raise a question as to the right of a foreign administrator to maintain this action, counsel for the defendant have demurred on the ground that the declaration does not allege that the plaintiff had been granted letters of administration by a Virginia court. In cases in which the rule forbidding foreign personal representatives to sue applies, the general rule seems to be that the want of local letters cannot be raised by demurrer, unless the plaintiff's pleading shows on its face that the plaintiff is a representative by foreign appointment only. 24 Corpus Juris, 1136; 8 Ency. Pl. & Pr. 713; 8 Standard Procedure, 751, 752; Childress v. Emory, 8 Wheat. 642, 671, 5 L. Ed. 705; Kane v. Paul, 14 Pet. 33, 41, 10 L. Ed. 341; Noonan v. Bradley, 9 Wall. 394, 400, 401, 19 L. Ed. 757. I know of no Virginia ruling on the point. However, the technically proper way of making the objection need not now be decided. The plaintiff by counsel admits that he has been appointed administrator only by the probate court of the county in North Carolina in which his intestate was domiciled at the time of his death, and waives objection to the method chosen by the defendant for raising the question of the right of the plaintiff to sue. The defendant on its part conceded that the representative appointed by the court of the decedent's domicile is the personal representative intended by the West Virginia statute.

In this state there is no statute giving foreign representatives a right to sue, and the rule that a foreign representative may not sue in the courts of this state to recover assets of his decedent's estate for administration remains in full force. Dickinson v. McCraw, 4 Rand. (Va.) 158, 160; Andrews v. Avory, 14 Grat. (Va.) 229, 239, 73 Am. Dec. 355; Fugate v. Moore, 86 Va. 1045, 1047, 11 S. E. 1063, 19 Am. St. Rep. 926. However, I can think of no reason why this rule should apply to the case at bar. The only even passably good reason for the rule is the protection of possible local creditors of a decedent. In 1 Robinson's Practice (new) p. 161 (a Virginia authority), it is said:

"For the present it will suffice to state the reason of the rule which is, that a recovery under a title derived from a foreign grant of administration would withdraw the effects from the operation of the laws to which they are properly subject, and commit them to the administration of persons in no wise amenable to those laws, so that instead of being protected in their rights by the power of their own government, the resident creditors would be sent abroad to assert their claims in foreign courts at the risk of having them determined by laws less favorable."

In Fugate v. Moore, supra, 86 Va. 1045, 1049, 11 S. E. 1063, 1064 (19 Am. St. Rep. 926), the following is quoted:

"Administration only extends to the assets of the intestate within the state where it was granted. If it were otherwise, the assets might be drawn out of the state, to the great inconvenience of domestic creditors, and be distributed, perhaps, on very different terms, according to the laws of another jurisdiction."

See Story's Conflict of Laws (2d Ed.) p. 421; Minor's Conflict of Laws, p. 225; Schouler's Exors. & Admrs. (2d Ed.) p. 23.

The reason that the rule in question cannot possibly apply here is that, by the express terms of the West Virginia wrongful death statute, no creditor of the decedent as such has the slightest interest in

or right to the recovery sought by the plaintiff at bar. The foreign administrator here sues to recover a fund which is not to be administered, but is merely to be distributed. When the reason for a rule fails, the rule ceases to apply. And it follows that there is no reason to be found in the policy of the law of Virginia why the plaintiff here may not maintain this action.

In 24 Corpus Juris, 1131, § 2703, it is said:

"A foreign representative may sue to collect a claim where, under the law of the state where the action must be brought, the claim could not be made the subject of local administration, since in such cases the reasons for the rule prohibiting suits by foreign representatives do not apply."

There are many decisions which support the conclusion which I reach, but which are based on the theory that the foreign representative is permitted to sue because he is a "statutory trustee" (17 Corpus Juris, p. 1266, § 117, notes 28 and 29); or because the foreign grant of letters merely "serves to designate the person who may sue" (McCarty v. New York, etc., Co. [C. C.] 62 Fed. 437, 438). I find it unnecessary to quarrel with the reasoning of these cases. But it seems to me simpler and rather more satisfactory to say that the foreign administrator here may sue because there is no reason for denying him such right.

It should here be said that Lusk's Adm'rs v. Kimball (C. C.) 87 Fed. 545, and Hodges v. Kimball (C. C. A. 4) 91 Fed. 845, 34 C. C. A. 103, are not in point. That action was brought under tthe Virginia wrongful death statute, which, in default of distributees, expressly makes the recovery subject to the claims of the creditors of the decedent. The question raised in the case at bar was not considered, and was not intended to be decided by either court in the Kimball Case.

It is argued that "foreign letters have no extraterritorial effect." This, with deference, seems to me to be an incomplete, and therefore a misleading, statement of a sound rule. The meaning of the rule is merely that the local courts will not give such effect to a foreign grant of letters as to permit local assets of a decedent to be administered according to a foreign law. Permitting a foreign representative to have a recovery which is not to be administered at all is not giving extraterritorial effect to the plaintiff's letters within the meaning of the rule in question. A rule designed only to prevent foreign administration of local assets of a decedent cannot property be applied to assets of living people which are not to be administered at all.

The defendant does not question the plaintiff's right to sue on any ground except that it is, as is contended, contrary to the policy of the state to permit a foreign administrator to sue. The question whether in the case at bar the West Virginia statute was intended to give the right of action to an administrator appointed in North Carolina, or to an administrator appointed in West Virginia, or to an administrator appointed in Virginia, is not raised.

It follows from what has been said that the demurrer must be overruled.