## CINDRELLA DAVIS, ADMINISTRATRIX, *v.* JOSEPH RUZICKA

[No. 21, January Term, 1936.]

*Decided February 7th, 1936.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Bernard H. Conn,* for the appellant.

*Charles Ruzicka, Hilary W. Gans,* and *Joseph T. Brennan,* submitting on brief, for the appellee.

SHEHAN, J., delivered the opinion of the Court.

This is an appeal from a judgment of the Superior Court of Baltimore City, in favor of Joseph Ruzicka, the appellee, for costs. The appellant, Cindrella Davis, administratrix of the estate of Frederick Davis, deceased, sued the appellee for damages growing out of an accident occurring in the District of Columbia, in which Frederick Davis lost his life. The suit was originally entitled, "State of Maryland, Use of Cindrella Davis, Administratrix of Frederick Davis, Deceased, v. Joseph Ruzicka." A demurrer to the declaration was sustained, with leave to amend. The amendment consisted only of changing the title of the action so as to read, "Cindrella Davis, Administratrix of Frederick Davis, Deceased." In all other particulars the amended declaration was the same as the original. A demurrer to the amended declaration was sustained without leave to amend, and there was a judgment for costs in favor of the defendant, from which this appeal is taken.

The suit was instituted on July 18th, 1934. Recovery was sought by the plaintiff, as the personal representative of the deceased, in pursuance of the statutory provisions of the District of Columbia, contained in Code of Laws 1901, ch. 854, secs. 1301, 1302 and 1303 (D.C.Code 1929, T. 21, secs. 1-3). These sections are set out in full in the declaration.

It will be observed that the amendment of the declaration consisted of the elimination of the words, "State of Maryland for the Use of," and was filed on April 5th, 1935.

The accident and the death of Frederick Davis occurred on December 29th, 1933, which was more than one year previous to the filing of the amended declaration. It is claimed by the appellee that the declaration as amended introduced an entirely new party plaintiff, and that a new suit was thereby instituted, different in form, purpose, and effect from the original cause. It is urged that this suit fails, by reason of the limitations imposed by the statute under which the suit was brought. To sus-

tain this contention the principle and the procedure laid down in *State v. Parks,* 148 Md. 477, 129 A. 793, is invoked.

The second question presented is whether an administrator appointed in another state, or in the District of Columbia, can maintain in this state an action for the death of a person, caused by the negligence of another, where such negligence and death occurred outside of the State of Maryland.

In Maryland there are two causes of action that may arise in consequence of death by negligence. *Dronenburg v. Harris,* 108 Md. 597, 608, 71 A. 81; *Stewart v. United Elec. L. & P. Co.,* 104 Md. 332, 333, 65 A. 49. The executor or administrator of the deceased, under the Code provisions in article 93, sec. 106, may sue for such injuries and suffering sustained by the deceased during his lifetime, and for which the deceased could have sued. This form of action under this statute survives to the personal representative, and the recovery becomes part of the personal estate of the deceased. The second cause of action that may be sustained is that under Lord Campbell's Act, Code, art. 67, secs. 1 and 2. At the common law there is no recovery for the death of a person caused by negligence, or the wrongful act of another, and this is true in Maryland; therefore the right of recovery depends upon enabling statutes.

In the District of Columbia the statute above referred to enables personal representatives to institute suits for damages on account of death occasioned by negligence. In view of the rule established in this state with regard to suits brought here on account of negligence and resultant death in another state, it becomes necessary to compare the statutes of Maryland and those of the District of Columbia in order to ascertain whether they are so similar in character and design that the courts in this state will enforce them in appropriate suits at law.

It has been held that the courts of this state may not be employed to enforce generally legislation of this character and that it is only by comity existing between states

that, in such cases, resort may be had to our courts to adopt and assert the remedy for wrongs complained of in another state and under the statute law of that state. The right to resort to the courts of Maryland in cases of this character is dependent upon the principle that the statute of another state sought to be enforced must be similar in its design and purpose to the Maryland statutes.

In the case of *Dronenburg v. Harris*, 108 Md. 597, 71 A. 81, the various provisions of these statutes of the District of Columbia (article 45, sections 1301, 1302 and 1303 [D. C. Code 1929 T. 21, secs. 1-3] were before this court, and the questions presented in the instant case were there considered. In that case these sections are set forth on pages 610 and 611 of 108 Md. (71A. 84), and it will therefore be unnecessary to herein incorporate them.

A comparison and distinction between the Maryland statutes and those of the District of Columbia were therein made. In that case the court said: "There is no statute of this state, nor any principle of law known to our courts, whereby an administrator or executor is given the right to sue and recover in an action like the present; nor is there any law of distribution, in force in this state, that entitles the next of kin or distributees of decedent's estate to receive the money recovered in an action like the present, and, if the present administratrix were allowed to maintain the action, it would be exclusively by virtue of a foreign law, and it would only be by force of that law that she could be compelled to account for and make distribution of the money recovered. There is certainly no comity that requires one state to apply and administer the statute law of another in a case such as the present." *State, use of Allen, v. Pittsburgh & C. R. Co.*, 45 Md. 41; *Ash v. Balto. & O. R. Co.*, 72 Md. 144, 19 A. 643.

It will not be necessary to restate at length the comparisons between the District law and the Maryland statutes, as contained in the cases of *Ash v. Balto. & O. R. Co., supra, Dronenburg v. Harris, supra,* and the elaborate discussion of these distinctions made in the

case of the *London Guarantee & Accident Co. v. Balgowan Steamship Co.,* 161 Md. 145, 155 A. 334, in which Judge Offutt, speaking for this court, has analyzed and reviewed the entire situation. The principal distinctions drawn between the District statutes and the Maryland statutory provisions, as set forth in *Ash v. Balto. & O. R. Co., supra, Dronenburg v. Harris, supra,* and *London etc. Co. v. Steamship Co., supra,* are: The District statute enables the personal representatives of a deceased, whose death has been caused by another's negligence, to sue; the amount of recovery passes into the estate of the deceased for distribution to next of kin only and is not subject to the debts of the deceased. Our statute, Code, art. 93, sec. 106, authorizes an action by the personal representatives, as above indicated, but the recovery becomes a part of the personal estate and is dealt with as any other asset or property of the deceased. Article 67, sections 1 and 2, afford an entirely new action and one that was not known to the common law, and authorizes a suit by the State of Maryland for the use of certain relatives of the deceased. The recovery does not pass into the estate, but goes directly to and is apportioned among those classes of persons who by the verdict of the jury became entitled thereto. The District statute limits the recovery to $10,000. The Maryland statute has no limitations as to the amount of recovery, this being a matter left to the jury. It will therefore be observed that the form of action, the persons for whose benefit or use the suit is brought, and the amount of recovery are entirely dissimilar, and for that reason this suit cannot be maintained.

The right of the appellant to maintain this suit is questioned by the appellee, because of the lapse of more than one year between the death of the party injured and time of the filing of the amended declaration. This raises the question whether the amended declaration presents a new cause of action by introducing an entirely new plaintiff, and whether the rule laid down in *State v. Parks, supra,* with regard to the Maryland statute (Arti-

cle 67, sections 1 and 2), should apply to cases arising under the statute of the District of Columbia. From what we have said it is unnecessary for us to pass upon these questions in disposing of this appeal.

For the reasons stated in this opinion, the judgment of the lower court must be affirmed.

*Judgment affirmed, with costs to the appellee.*