## ROSE v. PHILLIPS PACKING CO., Inc.

### No. 6067.

District Court, D. Maryland.

Dec. 2, 1937.

Knapp, Tucker & Thomas, James Thomas, and Biscoe L. Gray, all of Baltimore, Md., for plaintiff.

Pearre, Kieffner & Jacobs and Thomas M. Jacobs, all of Baltimore, Md., for defendant.

CHESNUT, District Judge.

This case, on the issue raised by the defendant's demurrer to the plaintiff's declara-

tion, presents an interesting question in the field of "Conflict of Laws". The jurisdiction of the court is based on diverse citizenship. The plaintiff, a Virginia citizen appointed as administratrix of the estate of her infant son in Virginia, is suing the defendant, a Maryland corporation. The suit is based on the Virginia Wrongful Death Statute (Code 1919, § 5786 et seq., as amended) which is a form of the well-known Lord Campbell's Act.

The declaration contains four counts each of which quotes the Virginia statute, section 5786 (as amended by Acts 1926, c. 507) and section 5787 (as amended by Acts 1920, c. 25) of the Code of Virginia, and (with the exception of the second count) alleges in substance that the defendant, engaged in Maryland in packing food products, negligently prepared and sold in ordinary course of trade, to a Virginia dealer, a can of herring which, being bought by or for the plaintiff and the contents eaten by her son, William Earle Rose, caused his death by poisoning. The defendant has demurred to the declaration as a whole and to each count. The grounds for the demurrer which have been pressed in argument are (1) that the Virginia statute should not be enforced in Maryland by reason of dissimilarity to the Maryland statutory form of Lord Campbell's Act; (2) that the suit in Maryland may not be maintained by a foreign administratrix; (3) that the second count is based on a breach of contract and not on a tort. It will be convenient to consider these defenses separately.

■ 1. *The alleged dissimilarity of the statutes.* It is, of course, quite clear that as the alleged wrongful act took effect in Virginia and the death of the decedent there occurred, suit here can be maintained if at all only on the Virginia statute and not on the Maryland statute (Code, art. 67, § 1, as amended by Laws 1929, c. 570, § 3, and section 2 et seq.), as in such a case it is the *lex loci delicti* which governs. Ormsby v. Chase, 290 U.S. 387, 54 S.Ct. 211, 78 L.Ed. 378, 92 A.L.R. 1499; Betts v. Southern Ry. Co. (C.C.A.4) 71 F.2d 787; Restatement of the Law, Conflict of Laws, § 391.

The declaration alleges that the decedent's death occurred on February 15, 1936, and the present suit was filed here February 5, 1937, within the period of limitation prescribed by the Virginia statute (Code, § 5786, as amended by Acts 1926, c. 507). It is also quite clear that at no time prior to June 1, 1937 could this suit have been successfully maintained in a Maryland state court because the decisions of the Court of Appeals of Maryland at that time were definitely to the effect that the death statutes of West Virginia and the District of Columbia, substantially like the Virginia statute, were so dissimilar from the Maryland statute that they would not be enforced here as a matter of comity. Ash v. Baltimore & O. R. Co., 72 Md. 144, 19 A. 643, 20 Am.St.Rep. 461; London Guarantee & Accident Co. v. Balgowan S. S. Co., Ltd., 161 Md. 145, 155 A. 334, 77 A.L.R. 1302; Davis v. Ruzicka, 170 Md. 112, 183 A. 569. See, also, Maryland Annotations to Conflict of Laws, §§ 391-397. The Maryland Legislature changed the rule by statute, Laws 1937, c. 495, p. 1037; Maryland Code, art. 67, § 1A, but the Act was expressly made inapplicable to cases arising prior to June 1, 1937.

■ It nevertheless does not follow that the suit based on the Virginia statute may not be enforced in this federal court, because the question involved is one of general law where the controlling decisions are those of the Supreme Court and the federal statute (U.S.C., title 28, § 725 [28 U.S.C.A. § 725]) as to the rule of decision does not apply. Stewart v. Baltimore & O. R. Co., 168 U.S. 445, 18 S.Ct. 105, 106, 42 L. Ed. 537; Weissengoff v. Davis (C.C.A.4) 260 F. 16; Lauria v. E. I. Du Pont De Nemours & Co. (D.C.N.Y.) 241 F. 687, 689, 694, 695. While the Maryland Court of Appeals in Davis v. Ruzicka, supra, declined to entertain a suit in Maryland based on a death negligently caused in the District of Columbia, by reason of the dissimilarity of the statutes of the two jurisdictions, the Supreme Court in Stewart v. Baltimore & O. R. Co., permitted a suit based on the Maryland statute in the District of Columbia because the two statutes were held to be not substantially dissimilar. In the latter case the Supreme Court said:

"The purpose of the several statutes passed in the States, in more or less conformity to what is known as 'Lord Campbell's Act,' is to provide the means for recovering the damages caused by that which is essentially and in its nature a tort. Such statutes are not penal, but remedial, for the benefit of the persons injured by the death. An action to recover damages for a tort is not local but transitory, and can as a general rule be maintained wherever the wrongdoer can be found. Dennick v. Railroad Company, 103 U.S. 11 [26 L.Ed. 439].

It may well be that, where a purely statutory right is created the special remedy provided by the statute for the enforcement of that right must be pursued, but where the statute simply takes away a common-law obstacle to a recovery for an admitted tort, it would seem not unreasonable to hold that an action for that tort can be maintained in any State in which that common-law obstacle has been removed. At least, it has been held by this court in repeated cases that an action for such a tort can be maintained 'where the statute of the State in which the cause of action arose is not in substance inconsistent with the statutes or public policy of the state in which the right of action is sought to be enforced.' "

And in Weissengoff v. Davis, the Circuit Court of Appeals for this Circuit held, in applying the rule announced by the Supreme Court, that the West Virginia wrongful death statute could be sued on in the United States District Court for Maryland although the Maryland Court of Appeals had held to the contrary in Ash v. Baltimore & O. R. Co., supra.

Within the principle applied in the Stewart Case and the Weissengoff Case, supra, it does not appear that the differences between the Virginia and Maryland statutes are sufficiently great to prevent the maintenance of the suit here in Maryland on the Virginia statute. The dissimilarities stressed by the defendant in the present case between the two statutes are the following:

(a) In Maryland (Code, art. 67 [section 2]) the suit is brought in the name of the State for the use of the beneficiaries (husband, wife, parent or children of the decedent) while in Virginia the suit is brought by the personal representatives of the decedent.

(b) In Maryland the recovery is for the benefit only of dependents of the classes above indicated, while under the Virginia statute if there are not dependents in the preferred classes mentioned in the statute, a recovery may be had for the benefit of the estate.

(c) In Maryland the amount of damages recoverable are not limited by statute but are by judicial decision to compensatory damages only, while in Virginia the statute limits the recovery to $10,000, but within that limit permits exemplary damages to be recovered.

(d) In Virginia a suit begun by a decedent before his death does not abate but can be revived by a personal representative; while in Maryland after the decedent's death a new suit would have to be brought under the statute.

While there is diversity of judicial opinion in various state jurisdictions as to whether such dissimilarities separately or collectively are sufficiently substantial to prevent enforcement in the state of the forum, it seems quite clear from the reasoning of the federal cases that the differences here existing are not sufficient to warrant a defeat of the suit. See an extensive annotation in 77 A.L.R. 1311. With regard to the differences as to the measure of damages, and the disposition thereof, it is also to be noted that in the present case the possibility under the Virginia statute of recovery of exemplary damages or recovery for the benefit of the estate rather than for the preferred relatives of the decedent, is not actually involved because it appears from the declaration that the plaintiff's mother, one of the preferred class, survives and in that event under the Virginia statute the recovery could not be for the benefit of the estate. Nor is there any sufficient averment of gross negligence or other factual circumstance set up in the declaration to justify recovery here of exemplary damages. What was said in a similar connection in Lauria v. E. I. Du Pont De Nemours & Co. (D.C.) 241 F. 687, 690, is in point here: "It is the particular application sought to be made of the statute that controls; it is the cause of action set up in the complaint, not the ultimate possibilities of the foreign statute." See, also, Gaston v. Western Union Tel. Co. (D.C.Ga.) 266 F. 595; Northern Pac. R. Co. v. Babcock, 154 U.S. 190, 14 S.Ct. 978, 38 L.Ed. 958; Atchison, Topeka & Santa Fe R. Co. v. Nichols, 264 U.S. 348, 44 S.Ct. 353, 68 L.Ed. 720; Keep v. National Tube Co. (C.C.N.J.) 154 F. 121. Compare Gallagher v. Florida East Coast R. Co. (D.C.) 196 F. 1000.

In this connection it may be noted that the modern tendency of judicial authority is to disregard the differences between the various forms of Lord Campbell's Act as expressed in the several state statutes; and indeed there is now very substantial authority for the view that the *lex loci delicti* may be sued on extraterritorially even where the state of the forum has no similar statute at all. Lauria v. E. I. Du Pont De Nemours & Co. (D.C.) 241 F. 687; Loucks v. Standard Oil Co. of New York, 224 N.

Y. 99, 120 N.E. 198; Restatement of Law, Conflict of Laws, § 392 (a); Beale, Conflict of Laws, vol. 2, § 392.2; Goodrich, Conflict of Laws, § 99-102; 1 Md.Law Review 162; 33 Michigan Law Review 545.

■ 2. *The foreign administratrix.* The defendant urges that the foreign administratrix may not maintain the suit here. It is indeed a very general rule that a personal representative appointed in one state is without authority to maintain a suit in another state. An underlying reason for this rule is to protect local creditors; but the rule should have no proper application to a case where the personal representative really sues in the capacity of *a trustee* for dependents or a preferred class of relatives as in the present case. Here again there is diversity of opinion in the state court decisions (see cases annotated in 85 A.L.R. 1231), but in my opinion the better view permits the foreign personal representative in a case of this nature to sue. In Stewart v. Baltimore & O. R. Co., supra, it appears from the report of the case in the lower court (6 App.D.C. 56) that the administrator was appointed in the District of Columbia; but in other federal cases the foreign administrator under Lord Campbell's Act has been permitted to sue. In Weissengoff v. Davis, supra, the records of this court show that the suit was brought by a foreign administrator appointed in the State of West Virginia, although ancillary letters had also been taken out in Maryland; and in Wilson v. Tootle (C.C.) 55 F. 211; McCarty v. New York, L. E. & W. R. Co. (C.C.) 62 F. 437; Cincinnati, H. & D. R. Co. v. Thiebaud, 114 F. 918 (C.C.A.6), and Pearson v. Norfolk & W. Ry. Co., 286 F. 429 (D.C.Va.), the foreign representative was permitted to sue. See, also, various state cases to the same effect annotated in 85 A.L.R. 1245; and see Restatement, Conflict of Laws, §§ 394, 396; 33 Mich.Law. Rev. 565-572.

■ In the present case the Virginia administratrix by whom suit was here brought, has also since the institution of the suit taken out ancillary letters in Maryland and has asked to be made a party plaintiff in the latter capacity. The amendment is opposed by the defendant on the ground that it was applied for more than a year after the death of the decedent. A similar amendment was allowed by the Circuit Court of Appeals for this Circuit in Hodges v. Kimball, 91 F. 845, although under additional equitable circumstances not here appearing.

I consider the application for the amendment reasonable and will allow it to be made, although I am not disposed to think it is necessary to the maintenance of the suit. See Restatement-Conflict of Laws, §§ 396a and 467c. Somewhat similar amendments were allowed in Missouri, Kansas & Texas R. Co. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355, and in Lopez v. United States (C.C.A.4) 82 F.2d 982. See, also, cases annotated in 74 A.L.R. 1269.

3. *The demurrer to the second count.* This will be sustained because on examination it does not clearly appear that negligence on the part of the defendant is sufficiently alleged; and if the count should be construed as based on a breach of contract, it would be a misjoinder under the Maryland rule of pleading to include it with counts based on a tort.

It results that the demurrer to the first, third and fourth counts should be overruled and sustained as to the second count, and it is hereby so ordered.