**Audrey Deskinns SMITH, Administratrix of the Estate of Clyde E. Smith, deceased**

v.

**POTOMAC EDISON COMPANY.**

**Civ. No. 10164.**

United States District Court
D. Maryland.

Sept. 22, 1958.

William Hoffenberg, Samuel S. Smalkin, Rollins, Smalkin, Weston & Andrew, Baltimore, Md., and Markowitz, Liverant, Rauhauser & Kagen and Luria, Still & Ruch, York, Pa., for plaintiff.

Benjamin C. Howard, Baltimore, Md., John Wagaman, Hagerstown, Md., and James McSherry, Frederick, Md., for defendant.

THOMSEN, Chief Judge.

This case is before the court on the motion of Audrey Deskinns Smith for leave to file an amended complaint. She is the widow of Clyde E. Smith, who met his death at Taneytown Amusement Park, Carroll County, Maryland, on May 19, 1956, when a pole which he was helping to raise came in contact with a high voltage transmission line owned by defendant. The Smiths had one child, Pamela Ann Smith, an infant; they all resided in York County, Pennsylvania, at the time of the accident.

The original complaint was filed on November 18, 1957, in the name of the widow as administratrix appointed by the Orphans' Court of York County, Pennsylvania. It alleges the facts set out above, alleges that the injury to and death of Clyde E. Smith were caused by defendant's negligence, and then alleges:

"8. As a result of the fatal accident aforementioned, the Plaintiff has been obliged to expend a large sum of money for the funeral of Clyde E. Smith, to her great detriment and loss.

"9. Because of the fatal accident aforementioned the decedent, Clyde E. Smith, underwent great physical pain and anguish.

"10. Because of the fatal accident aforementioned the Plaintiff and decedent's child have been deprived of the lawful support, care and maintenance they would have received from decedent, Clyde E. Smith.

"11. Because of the fatal accident aforementioned the estate of the decedent, Clyde E. Smith, has been deprived of the earnings or wages he would have received for the balance of his life."

Under Maryland law, the claims set out in paragraphs 8 and 9 are recoverable by a personal representative appointed in Maryland; Art. 93, sec. 112.[1] The claim set out in paragraph 10 is recoverable in an action brought in the name of the State of Maryland to the use of specified dependents of the decedent, in this case the widow and child; Art. 67, secs. 1, 4. The claim set out in paragraph 11 is not recoverable under Maryland law.

At a preliminary hearing defendant raised the question whether the administratrix appointed in Pennsylvania has power to prosecute any of the alleged claims in a Maryland state court or in this court. Thereafter, on June 24, 1958, Audrey Deskinns Smith moved for leave to file an amended complaint, dividing the complaint into two counts: one, in the name of the administratrix to recover for the alleged pain and suffering of the decedent, hospital, medical and burial expenses; the other, in the name of the State of Maryland to the use of Audrey Deskinns Smith and

[1]. Unless otherwise indicated, all references are to the Annotated Code of Maryland, 1957 ed.

Pamela Ann Smith, infant, to recover for loss of care, support and maintenance.

Defendant objects to the proposed amendment and contends: (1) that the suit as filed cannot be maintained because the administratrix appointed in Pennsylvania has no standing to sue in Maryland courts; (2) that, since the Maryland wrongful death statute incorporates, as a limitation upon the right created, the condition that such suits must be brought within eighteen months after the death, that cause of action has ceased to exist, and the complaint cannot now be amended to include that cause of action in the present suit; (3) that the proposed amendment does not qualify for relation back under Rule 15 (c), Fed.Rules Civ.Proc. 28 U.S.C.A., to escape the bar of limitations: (a) because the amendment joins new parties plaintiff having a separate and distinct cause of action, and (b) because the limitation which plaintiffs seek to avoid is not a procedural one barring the bringing of a suit but a substantive one limiting the cause of action itself.

Defendant's point (1) must be considered both in relation to: (A) the claim for burial expenses and for pain and suffering, paragraphs 8 and 9 of the original complaint, the first count in the proposed amended complaint; and to (B) the claim on behalf of the widow and child for the recovery of their pecuniary loss, paragraph 10 of the original complaint, the second count in the proposed amended complaint. Points (2) and (3), however, deal only with (B), the claim on behalf of the widow and child under the Maryland Wrongful Death Statute, Art. 67, secs. 1, 4.

*(A) The claim for burial expenses and for pain and suffering under Art. 93, sec. 112.*

■ Although it seems clear that this claim must be asserted by an administrator appointed by a Maryland court, because of the interest of the state in seeing that local creditors are taken care of, Von Lingen v. Field, 154

Md. 638, 647, 141 A. 390, 927, there is no sound reason why the widow, who was appointed administratrix in Pennsylvania, should not qualify in Maryland, and press this claim as such ancillary administratrix. The cause of action would be the same as that asserted in paragraphs 8 and 9 of the original complaint; the claim is not yet barred by limitations; and it would be futile to require that it be asserted in a new action. Rules 15 and 21, F.R.Civ.P.; Rejsenhoff v. Colonial Nav. Co., D.C.S. D.N.Y., 35 F.Supp. 577, 579.

*(B) The claim on behalf of the widow and infant daughter under Art. 67, secs. 1, 4.*

■ The requirement in sec. 4 that "every such action shall be commenced within eighteen months after the death of the deceased person", is a limitation upon the right created by that statute. No new suit asserting that cause of action could now be filed. State, to Use of Stasciewicz v. Parks, 148 Md. 477, 129 A. 793; State, to Use of Dunnigan v. Coburn, 171 Md. 23, 187 A. 881, 107 A.L.R. 1045. The original complaint in the instant case, however, was filed within the eighteen months limit, and plaintiff contends that the proposed amended complaint would not assert a new cause of action, but would relate back to the date of the original complaint under Rule 15(c), F.R.Civ.P., which provides:

"*Relation Back of Amendments.* Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Other Federal courts have held that similar amendments, changing the nominal plaintiff but not changing the substantial rights alleged, did not state a new cause of action, but related back under Rule 15(c) to the date of the original pleading. Straub v. Jaeger,

D.C.E.D.Pa., 9 F.R.D. 672; Conry v. Baltimore & O. R. Co., D.C.W.D.Pa., 95 F.Supp. 846, reversed on other grounds, 3 Cir., 195 F.2d 120; Fierstein v. Piper Aircraft Corp., D.C.M.D.Pa., 79 F.Supp. 217; Jacobs v. Pennsylvania R. Co., D.C.D.Del., 31 F.Supp. 595. See, also, Kansas Electric Power Co. of Leavenworth v. Janis, 10 Cir., 194 F.2d 942, and City Stores Co. v. Shull, D.C.D.Md., 161 F.Supp. 459, 470.

■ In a diversity case, such as the case at bar, this court must give to the State statute of limitations the same effect as the courts of Maryland would be required to give it. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079; Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520; St. Paul Fire & Marine Ins. Co. v. Continental Bldg. Operating Co., D.C.W.D.Mo., 137 F.Supp. 493, Whitaker, D. J. Fortunately, we have a recent analysis of the Maryland law and the Federal law by Chief Judge Brune in Cline v. Fountain Rock Lime & Brick Co., 214 Md. 251, 134 A.2d 304. See, also, casenote, XVIII Md.L.R. 161. There seems to be no substantial conflict between the principles which have been applied by the Maryland courts and by the Federal courts.

The precise question presented here seems never to have been decided by the Court of Appeals of Maryland nor by this court. It was left open in Davis v. Ruzicka, 170 Md. 112, 116, 183 A. 569. The question is whether or not the second count of the proposed amended complaint would set forth a new cause of action. If it would, the defense of limitations would be available, since the period of limitations would then be measured from the time of the accrual of the cause to the date of filing the amended complaint. On the other hand, if the amendment would not introduce a new or different cause of action, the period of limitations would have to be determined with reference to the date of filing the original complaint. Cline v. Fountain Rock Lime & Brick Co., supra, 214 Md. 258, 134 A.2d 304, 308, and Maryland cases cited; Atlantic Seaboard Corp. v. Federal Power Commission, 4 Cir., 201 F.2d 568, 571.

In the instant case the original complaint, in paragraph 10, asserted a claim for the benefit of the widow and infant daughter of the decedent for loss of his care, support and maintenance. The problem is caused by the fact that the nominal plaintiff, in whose name the claim of the equitable plaintiffs was asserted, was the widow, the Pennsylvania administratrix, rather than the State of Maryland, as required by Art. 67, sec. 4, and that the amendment would substitute a new nominal plaintiff.

■ It is true that Maryland practice does not permit an amendment which brings in a new party unless some one of the original plaintiffs and some one of the original defendants remain as parties to the action. Illian v. Northwestern Nat. Ins. Co., 215 Md. 507, 516, 138 A.2d 884, 889. But even if we assume that Maryland law controls on this point, rather than Rule 15, F.R.Civ.P., the Illian case is not decisive of the instant case, because the Illian case dealt with an attempt to bring in a new plaintiff asserting a claim on behalf of persons other than the original plaintiff. In the instant case the equitable plaintiffs, the widow and child, on whose behalf the claim in paragraph 10 of the original complaint was made, remain the same; so do the facts alleged, the nature of the alleged cause of action (negligence causing death), and the measure of damages. The only change is in the nominal plaintiff.

Defendant contends that the nominal plaintiff is a matter of substance under the Maryland statute and decisions, and cites Davis v. Ruzicka, 170 Md. 112, 183 A. 569. In that case the Court of Appeals noted that Maryland provides for two causes of action, one in the name of the administrator for the benefit of the estate of the decedent, including creditors, Art. 93, sec. 112, and the

other in the name of the State for the use of certain relatives of the decedent, with recovery limited to their pecuniary loss, Art. 67, secs. 1, 4, whereas the District of Columbia provides for only one action, in the name of the administrator, for the benefit of different persons and with an entirely dissimilar measure of recovery. The Maryland court, following earlier Maryland cases which had refused to follow a decision of the Supreme Court of the United States on the same question, held that the Maryland statute and the statute in force in the District of Columbia were so dissimilar that it would be contrary to the public policy of Maryland to permit an action under the District statute to be maintained in the Maryland courts.[2] The form of action was recognized as one of the distinctions; but no Maryland decision suggests that the State has any interest in or right to control the action for wrongful death brought for the benefit of the dependents, or the distribution of any recovery therein. Judge Chesnut has referred to the State as "only a very nominal party". Smith v. Bevins, D. C.D.Md., 57 F.Supp. at page 763.

I am satisfied that if the question were presented to the Court of Appeals of Maryland at this time it would hold that such an amendment as is here proposed would not assert a new cause of action but would relate back to the filing of the suit. Cline v. Fountain Rock Lime & Brick Co., 214 Md. 251, 258, 261 et seq., 134 A.2d 304; Zier v. Chesapeake Beach Ry. Co., 98 Md. 35, 56 A. 385. I am equally satisfied that it would relate back under Rule 15 (c). The amendment should be permitted.

One additional matter remains to be considered. Defendant notes that Audrey Deskinns Smith is now living in Maryland, and suggests lack of proper diversity. It appears, however, that she was a resident of Pennsylvania at the time the original complaint was filed. That is the controlling date. Koenigsberger v. Richmond Silver Mining Co., 158 U.S. 41, at page 49, 15 S.Ct. 751, 39 L.Ed. 889.

The motion to amend the complaint is hereby granted.

---

2. Happily, this decision is no longer the law of Maryland. See Art. 67, secs. 2, 3. See Rose v. Phillips Packing Co., D.C. D.Md., 21 F.Supp. 485; Smith v. Bevins, D.C.D.Md., 57 F.Supp. 760; Kaufmann v. Service Trucking Co., D.C.D.Md., 139 F.Supp. 1; King v. Cooper Motor Lines, D.C.D.Md., 142 F.Supp. 405; Olewiler v. Fullerton Supply Co., D.C.D.Md., 162 F.Supp. 563.