**REPUBLIC OF TURKEY, The Ministry of Health and Social Assistance of the Turkish Republic, Turkish Economic Mission,**

v.

**CENTRAL CHEMICAL CORP.**

**Civ. No. 10544.**

United States District Court
D. Maryland.

June 5, 1959.

John W. Avirett, Andre W. Brewster and Piper & Marbury, Baltimore, Md., for plaintiffs.

William C. Rogers, Baltimore, Md., and Herbert S. French, Washington, D. C., for defendant.

THOMSEN, Chief Judge.

Plaintiffs have moved to dismiss this action without prejudice,[1] fearing that their amended complaint, filed 13 October 1958, adding new parties plaintiff, has destroyed the jurisdiction of this court, since the amount in controversy is less than $10,000. Defendant objects to the granting of the motion, contending that under Rule 15(c), F.R.Civ.P., 28 U.S.C.A., the amendment relates back to the date of the original complaint, 2 May 1958, when the $3,000 requirement applied. Depositions have been taken and defendant's attorneys have prepared for trial.

P.L. 85–554, 72 Stat. 415, which amended 28 U.S.C.A. §§ 1331, 1332, to increase the jurisdictional requirement, provided in sec. 3, 28 U.S.C.A. § 1331 note: "This Act shall apply only in the case of actions commenced after the date of the enactment of this Act." That date was 25 July 1958.

The original complaint was filed by the Turkish Economic Mission, an agent of the Republic of Turkey, demanding damages for an alleged breach of a contract which defendant had entered into with the Turkish Economic Mission, "acting * * * on behalf of the Ministry of Health and Social Assistance of the Turkish Republic". Defendant moved to dismiss, whereupon plaintiff, on its oral motion, was granted leave to file an amended complaint. The amended complaint is identical with the original complaint, except that the parties plaintiff are (1) the Republic of Turkey, (2) the Ministry of Health and Social Assistance of the Turkish Republic, and (3) the Turkish Economic Mission. The latter two are alleged to be agencies of the Republic of Turkey.

---

1. Rule 41(a) (2), F.R.Civ.P., requires an order of court if the defendant has filed an answer and objects to the dismissal.

Rule 15(c), F.R.Civ.P., provides: "Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment dates back to the date of the original pleading."

The claim asserted in the amended complaint clearly arose out of the conduct, transaction, or occurrence set forth in the original complaint. The situation is analogous to one in which, after limitations has run, an amendment adds an additional party plaintiff or clarifies the capacity in which the plaintiff is suing. See De Franco v. United States, D.C. S.D.Cal., 18 F.R.D. 156; Smith v. Potomac Edison Co., D.C.D.Md., 165 F. Supp. 681; and cases cited in those opinions. The amended complaint in the instant case does not set up an entirely new and distinct cause of action.

This court has not lost jurisdiction, and no reason for allowing plaintiff to dismiss without prejudice over defendant's objection has been shown.

Motion denied.