**REED v. SHILCUTT.**
Civ. No. 510.

United States District Court,
E. D. Virginia, Richmond Division.
March 21, 1946.

3. Dickinson v. U. S., 346 U.S. 389, 74 S. Ct. 152.

Hill, Martin & Robinson, Richmond, Va., and F. H. Cooley, Petersburg, Va., for plaintiff.

J. Gordon Bohannan, Petersburg, Va., for defendant.

POLLARD, District Judge.

This is an action brought by the plaintiff as administratrix of the estate of Thomas Reed, deceased, for damages on behalf of the mother, brother and sisters of the deceased under the Virginia wrongful death statute. The death of Thomas Reed occurred in Virginia, of which state the defendant is a citizen and resident. The plaintiff, a citizen and resident of the State of New York, has qualified in a court of New York as administratrix of the estate of Thomas Reed, who was a citizen and resident of the State of New York. The ground of jurisdiction is diversity of citizenship.

The answer of the defendant sets up, among other defenses, that the complaint fails to state a claim upon which relief can be granted and that this Court lacks jurisdiction over the subject matter of the complaint. Both of said defenses are predicated upon the fact that the plaintiff is not a resident of Virginia and sues as administratrix under appointment by the Court of the State of New York. The questions before the Court arise on a motion for judgment on the pleadings, Rule 12(c), upon which motion the Court granted a preliminary hearing as authorized in Rule 12(d), 28 U.S.C.A.

The applicable statutes are Sections 5786, 5787 and 5788 of the Code of Virginia. Section 5786 provides that a suit may be maintained on account of the death of a person caused by the wrongful act of another. Section 5787 provides that such suit shall be brought in the name of the personal representative of such deceased person and Section 5788 prescribes that any amount recovered shall be distributed to certain designated relatives of the deceased free from all debts and liabilities of the deceased and that such recovery shall be assets in the hands of such personal representative only in default of such designated relatives.

The problem presented is to be determined by an interpretation of the statutes and policy of the State of Virginia and if the highest court of that state has spoken clearly on the question it is my duty to follow its decision. Rybolt v. Jarrett, 4 Cir., 112 F.2d 642. I have been referred to two Virginia cases, Fugate v. Moore, 86 Va. 1045, 11 S.E. 1063 and Moore v. Smith, 177 Va. 621, 15 S.E.2d 48, but neither of them was a suit brought under the Virginia wrongful death statute, so that the precise question here under consideration has never been decided by that court.

In the Rybolt case, supra, Judge Dobie reached the conclusion that in determining the policy of the State of West Virginia a statute of that state, West Virginia Code 1937, Chap. 44–5–3, was controlling. Said statute provides in part as follows: "Notwithstanding any other provision of law, no person not a resident of this State shall be appointed or act as executor, administrator * * ." I cannot agree with the contention that Section 5400a, Virginia Code, is controlling in determining the policy of the State of Virginia. That section prohibits the appointment or qualification of a non-resident as personal representative in Virginia unless a resident of that state is appointed to serve with the non-resident. In the Rybolt case [112 F.2d 646] Judge Dobie has this to say about the two statutes:

"The Virginia Statute directed against non-resident personal representatives is by no means so rigid and so unrelenting as the similar statute in West Virginia. Virginia Code, 1936, Chapter 220A, § 5400a. The Virginia Statute does not contain the positive preliminary clause of the West Virginia Statute 'Not-

withstanding any other provision of law.' The Virginia Statute does generally forbid the appointment of non-resident personal representatives for residents; but the Virginia Statute limits this prohibition to qualification and appointment in Virginia, and does not within its prohibition include the words 'or act' which are found in the West Virginia Statute. And the Virginia Statute, which is not true of the West Virginia Statute, expressly permits the appointment of a non-resident personal representative of a resident, provided there is also appointed a resident personal representative to serve with the non-resident personal representative."

The motion for judgment on the pleadings presents to the Court for determination the following question:

May a plaintiff who has been appointed administratrix by a New York court maintain a suit in her representative capacity in a Federal Court in Virginia under the Virginia wrongful death statute where the complaint alleges that the decedent was survived by certain relatives who are designated in said statute as the recipients of any recovery that may be had in said suit?

 It has been very generally held in suits other than under wrongful death statutes that a personal representative appointed in one state is without authority to maintain a suit in another state. The reason for the rule is to protect local creditors. Local courts will not give effect to a foreign grant of letters so as to permit local assets of a decedent to be administered according to a foreign law. However, I can think of no good reason why this rule should apply to the case at bar. Under the Virginia Statute the only contingency upon which any recovery for the decedent's estate would be permissible is precluded by the facts alleged in the complaint, that is, that the decedent was survived by certain statutory entitled beneficiaries. And moreover all damages recovered are to be distributed under the provisions of the Virginia statute and not in accordance with the laws of the State of New York. Under the facts of this case the personal representative really sues in the capacity as trustee for the relatives of the decedent designated in the statute.

In reaching the above conclusion I have read and considered the following cases: Hodges v. Kimball, 4 Cir., 91 F. 845; Pearson v. Norfolk & W. R. Co., 4 Cir., 286 F. 429; Klug v. Martinsburg Power Co., 4 Cir., 229 F. 861; Rose .v. Phillips Packing Co., D.C., 21 F.Supp. 485; Smith v. Bevins, D.C., 57 F.Supp. 760; Rybolt v. Jarrett, 4 Cir., 112 F.2d 642; Fugate v. Moore, 86 Va. 1045, 11 S.E. 1063; Moore v. Smith, 177 Va. 621, 15 S.E.2d 48; Sylvania Industrial Corp. v. Lilienfeld's Estate, 4 Cir., 132 F.2d 887 and Moore v. Mitchell, 281 U.S. 18, 50 S.Ct. 175, 74 L.Ed. 673.

An order overruling the motion for judgment on the pleadings may be presented after reasonable notice.