## LA MAY v. MADDOX et al.

### No. 173.

District Court, W. D. Virginia,
at Lynchburg.

Oct. 7, 1946.

See also 68 F.Supp. 27.

M. F. Trader, and W. H. Jordan, both of Lynchburg, Va., for Irving J. LaMay, Administrator.

E. Marshall Frost (of Caskie, Frost & Watts), of Lynchburg, Va., for Henry Dorison Maddox and M. M. Maddox.

BARKSDALE, District Judge.

A motion by defendants in this case raises the question of whether a Connecticut personal representative, who has not qualified as such in Virginia, can maintain in this court an action for the death by wrongful act of his decedent in Virginia. Of course, the right which he asserts is grounded upon the Virginia version of Lord Campbell's Act, Virginia Code, §§ 5786–5790, and, this court having jurisdiction by reason of diversity of citizenship, his right to maintain his action in this court depends upon whether he is permitted so to do by the Virginia Death by Wrongful Act statute, and not precluded therefrom by any other statute or public policy. Speaking of an action for death by wrongful act, Section 5787 of the Virginia Code provides: "Every such action shall be brought by and in the name of the personal representative of such deceased person.. * * *"

Nowhere in this or any other statute is there any limitation or qualification of the term "personal representative" just quoted, nor any express provision that he must qualify in Virginia before instituting his action. However, there is, of course, the general rule of the common law that a personal representative can sue only in the state in which he was appointed, and there is a Virginia statute enacted in 1924 which provides that, "No person not a resident of this State * * * shall be appointed or allowed to qualify as personal representative of any decedent, * * * unless there be also appointed to serve with the non-resident personal representative * * *, a person resident in this State * * *." Code 1942, § 5400a.

Defendant contends that the force and effect of the common law rule, and more particularly of the statute just quoted, is to restrict the right of maintaining an action in Virginia for death by wrongful act to a personal representative appointed and qualified by a Virginia court.

This question, in somewhat different form, and prior to the enactment of the last

quoted Virginia statute, came before my distinguished predecessor, Honorable Henry Clay McDowell, in this court, in 1923. Pearson v. Norfolk & Western Railway Co., D. C., 286 F. 429. There, a North Carolina administrator instituted his action in this court against a Virginia corporation for the death by wrongful act of his decedent in West Virginia. As Judge McDowell observed (286 F. at page 431): "The question whether in the case at bar the West Virginia statute was intended to give the right of action to an administrator appointed in North Carolina, or to an administrator appointed in West Virginia, or to an administrator appointed in Virginia, is not raised."

And it is further to be noted that the Virginia statute, restricting the right of qualification to residents, had not then been enacted. So the question for determination there was whether the common law rule or any public policy precluded a foreign administrator from maintaining his action for death by wrongful act in Virginia. Judge McDowell pointed out that there, as here, any recovery which might be obtained would constitute a fund which under the statute is not to be administered, but is merely to be distributed. His conclusion was, that "The only even passably good reason for the rule [that a personal representative may not sue outside of the state of his appointment] is the protection of possible local creditors of the decedent.", and that, as the creditors could have no possible interest in a recovery for death by wrongful act, there was no reason for the rule in this case, and therefore he would not apply it, but would permit the North Carolina personal representative to maintain his suit.

From oral argument, I gather that defendants' counsel have no quarrel with this holding, but they maintain that the above quoted Virginia statute, restricting the right of qualification to residents changes the situation and precludes a nonresident personal representative from maintaining an action for death by wrongful act in Virginia. I cannot agree with this conclusion. There is no more reason for applying the common law rule in this case than there was at the time of the decision of the

Pearson case. Pearson v. Norfolk & Western Railway Co., supra. Any recovery which may be had herein must be paid, after the deduction of costs and attorneys' fees, to the widow. Should there be Virginia creditors, there can be no possible reason for protecting them, because they would not have the slightest interest in any recovery which might be obtained. There is certainly no express statutory denial to a nonresident personal representative of the right to sue, and I fail to find any statutory implication of any such denial of this right.

A very similar, although not identical, question came before Judge Chestnut recently in the case of Smith v. Bevins, D. C., 57 F.Supp. 760. Although he was construing the law of Maryland, his very able discussion of the question supports the view which I take of the question presented to me.

The case of Rybolt v. Jarrett, 4 Cir., 112 F.2d 642, although not directly in point, is most helpful. The same question as I have here in Virginia, was presented to the court on the applicable West Virginia statutes. From Judge Dobie's able opinion in this case, it appears that the West Virginia statute of death by wrongful act does not differ greatly from our Virginia statute; and Judge Dobie said (112 F.2d at page 644): "Accordingly, were the question an open one depending solely upon the interpretation of the West Virginia Statute of Death by Wrongful Act, we should be inclined to follow the modern liberal policy and to hold in the instant case that the action in question could be maintained in the United States District Court for the Southern District of West Virginia by an administrator duly appointed by a proper court of Indiana."

However, as further appears from the opinion, there is another West Virginia statute providing that, "*Notwithstanding any other provision of law,* no person not a resident of this State shall be appointed or *act* as" a personal representative. Code, § 44-5-3. (Italics mine.) By reason of this statute, which Judge Dobie characterized as "rigid" and "unrelenting", our court felt constrained to hold that only a West Vir-

ginia personal representative could maintain an action for death by wrongful act under the West Virginia statute.

However, in discussing the Pearson case (Pearson v. Norfolk & Western Railway Co., supra), Judge Dobie points out that: "The Virginia Statute directed against nonresident personal representatives is by no means so rigid and unrelenting as the similar statute in West Virginia. * * * The Virginia Statute does not contain the positive preliminary clause of the West Virginia Statute 'notwithstanding any other provision of law'. The Virginia Statute does generally forbid the appointment of non-resident personal representatives for residents; [actually it now forbids appointment of nonresident personal representatives for either resident or nonresident decedents], but the Virginia Statute limits this prohibition to qualification and appointment in Virginia and does not within its prohibition include the words 'or act' which are found in the West Virginia Statute. And the Virginia Statute, which is not true of the West Virginia Statute, expressly permits the appointment of a non-resident personal representative of a resident [or a nonresident], provided there is also appointed a resident personal representative to serve with the nonresident personal representative."

Nowhere in this opinion is there the direct statement that the conclusion of the court would be different if the question were presented under the Virginia statutes; that question was not before the court. But the plain inference from the opinion is that, under the Virginia statutes, a nonresident personal representative would be permitted to maintain his action for death by wrongful act.

For discussion of this general question and citation of cases from other jurisdictions, see 25 Corpus Juris Secundum, Death, § 58-b, p. 1172.

Unfortunately, so far as I know, this question has never been passed upon by the Virginia court. However, no reason has been pointed out to me, and I know of no reason, why a nonresident personal representative should not be permitted to maintain his action for death by wrongful act under the Virginia Statute. It is therefore my conclusion to overrule defendants' motion, and to permit the Connecticut personal representative to proceed with his action, based on the Virginia statute of death by wrongful act, in this court.