HOLT v. MIDDLEBROOK et al.

WARE v. MIDDLEBROOK et al.

Civ. Nos. 1865, 1866.

United States District Court,
E. D. Virginia, Richmond Division.

Feb. 19, 1954.

---

Louis S. Herrink, Richmond, Va., for plaintiffs.

Bowles, Anderson & Boyd, Richmond, Va., for defendants.

STERLING HUTCHESON, Chief Judge.

In both of these cases the questions before the Court at this time are identical. In each case the plaintiff is a resident and citizen of the State of Pennsylvania, acting as personal representative of a decedent who at the time of death was likewise a resident and citizen of the State of Pennsylvania. The defendants in each case are residents of the State of Virginia.

The actions are brought under the Virginia Statute, Code 1950, § 8-633, known as Lord Campbell's Act, as the result of a collision which occurred on December 4, 1952, in Brunswick County, Virginia, between a passenger automobile in which the decedents were occupants and a motor vehicle alleged to have been operated at the time by the defendants.

The respective plaintiffs were granted letters of administration upon the estates of the decedents on January 21, 1953, by the Register of Wills of Philadelphia County, Pennsylvania.

The sole issue before the Court is whether a nonresident personal representative may maintain an action of this kind in this Court.

While a number of cases involving this question have been before the courts, the precise situation here presented has not been before the Supreme Court of Appeals of Virginia so far as I have been able to ascertain, nor has there been such a decision from the Federal Courts of the state subsequent to the 1950 amendment of the Virginia Code, Section 26-59, Acts of Assembly 1950, page 724.

In Rybolt v. Jarrett, 112 F.2d 642, the United States Court of Appeals, Fourth Circuit, had before it the question as presented by the West Virginia Statute. That statute provided, so far as pertinent here, that: "Notwithstanding any other provision of law" no nonresident of the state shall "be appointed *or act* as executor, administrator, curator, guardian, or committee". Code, 44-5-3. (Emphasis supplied.)

In a comprehensive opinion reviewing cases in point Judge Dobie, speaking for the Court, affirmed the District Court which had dismissed the action on the ground that it could not be maintained by a personal representative who was a citizen of Indiana representing the estate of a deceased citizen of that state who died as the result of wrongful acts committed in West Virginia by citizens of the latter state.

In his opinion Judge Dobie discussed what he considered the liberal doctrine laid down by some of the courts of other states but concluded that the action could not be maintained under the West Virginia statute.

Following that opinion Judge Pollard in this Court in the case of Reed v. Shilcutt, 119 F.Supp. 652, after considering the Rybolt case, reached the conclusion that under the Virginia statutes (as then written) such an action might be maintained by a personal representative resident and qualified in New York against a resident of Virginia.

In reaching his conclusion Judge Pollard, as had Judge Dobie in the Rybolt case, pointed to the difference between the statutes of Virginia and West Virginia. At that time the comparable Virginia statute, Code Section 26–59, provided in substance that no person not a resident of the state shall be appointed or allowed to qualify as personal representative of any decedent unless there be also appointed to serve with the non-resident a person resident in this state. As emphasized by Judge Dobie and Judge Pollard, the Virginia statute contained no prohibition against such non-resident fiduciary *acting*.

In 1946, Judge Barksdale of the Western District of Virginia, decided La May v. Maddox, 68 F.Supp. 25. In that case a Connecticut personal representative brought suit in the United States District Court for the Western District of Virginia against a resident of Virginia, founded upon the Virgina Death by Wrongful Act Statute, Lord Campbell's Act. Like Judge Pollard, Judge Barksdale reviewed the Rybolt v. Jarrett case and Pearson v. Norfolk & W. Ry. Company, D.C., 286 F. 429, and reached the conclusion that the action might be maintained.

The same question has been before me upon several occasions in unreported cases and I have followed the foregoing authorities.

However, in 1950, the Virginia General Assembly amended Section 26–59 of the Virginia Code to read in part as follows:

> "No person not a resident of this State nor any corporation not authorized to do business in this State, shall be appointed or allowed to qualify or *act* as personal representative, or trustee under a will, of any decedent, * * * unless there be also appointed to serve with the non-resident personal representative, * * * a person resident in this State or corporation authorized to do business in this State". (Emphasis supplied.)

It will be noted that by this amendment the Virginia Legislature has specifically prohibited a nonresident personal representative from *acting*. It is true that the Virginia statute does not contain the language "notwithstanding any other provision of law," contained in the West Virginia statute. However, I can conceive of no particular importance to be attached to its failure to employ the phrase last quoted. It is elementary that the statutes must be read together. The statute is general and accordingly is applicable to a personal representative *acting* in cases such as those before the Court.

It is significant that the Legislature adopted the amendment after the decisions by Judges Pollard and Barksdale, both of whom discussed the Rybolt case in detail, as well as the action of this Court in unreported cases to which reference has been made.

In oral argument it was suggested that an interpretation precluding plaintiff from maintaining these actions would result in divesting the Federal Court of jurisdiction in cases involving diversity of citizenship and thereby nullify the Act of Congress. A complete and brief answer to this contention is that should it see fit to do so the Virginia Legislature could repeal the Death by Wrongful Act Statute in its entirety. The rights of the plaintiff are founded solely upon the act and a state which granted the right has seen fit to limit its enforcement to resident personal representatives. This Court must follow the policy of the Virginia courts and Virginia Legislature. The amendment of the act referred to above seems to clearly reflect the policy of Virginia. Rybolt v. Jarrett, supra.

An order may be presented sustaining the motions of the defendants and dismissing the actions.

### ADDENDUM

On February 20, 1954, House Bill No. 726 was offered in the General Assembly of Virginia, then in session, containing the following caption:

"A BILL to amend and reenact Section 26–59, as amended, of the Code of Virginia, relating to non-resident fiduciaries."

The bill contained the following language:

"*Provided, however, that nothing herein shall be construed to prevent a foreign representative from prosecuting a suit or action in the State of Virginia under Sections 8–633 through 8–640.*" (Italicized in bill)

"2. An emergency exists and this act is in force from its passage."

It was referred to the Committee for Courts of Justice by which it was not reported. Consequently it failed of passage.