**HOLT et al. v. MIDDLEBROOK et al.**
**No. 6795.**

United States Court of Appeals
Fourth Circuit.

Argued June 17, 1954.

Decided July 13, 1954.

---

Louis S. Herrink, Richmond, Va. (Albert B. Soffian and Maurice S. Levy, Philadelphia, Pa., on the brief), for appellants.

Jack N. Herod, Richmond, Va. (Aubrey R. Bowles, Jr., A. Scott Anderson and Bowles, Anderson & Boyd, Richmond, Va., on the brief), for appellees.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and TIMMERMAN, District Judge.

DOBIE, Circuit Judge.

Plaintiffs, in their complaints, filed in these civil actions in the United States District Court for the Eastern District of Virginia, alleged that their decedents were killed in an automobile accident in Brunswick County, Virginia, as the direct result of the negligence of the defendants; that plaintiffs, who were citizens of the State of Pennsylvania, at the time these actions were instituted, were granted Letters of Administration on their decedents' estates in the office of the Register of Wills of Philadelphia County, Pennsylvania.

Defendants moved the court to dismiss these actions on the ground that a non-resident personal representative has no authority to maintain an action at law in the State of Virginia. This motion was sustained and the actions ordered dismissed. 119 F.Supp. 295. It is from this order of the District Court that the plaintiffs appeal to us.

This appeal thus involves but one question: can a personal representative, who is not a resident of Virginia and who has not qualified or been appointed as such in that State, maintain an action in a United States District Court sitting in Virginia, under the Virginia Statute of Death by Wrongful Act?

Section 26–59 of the Code of Virginia is herewith quoted in its entirety; the italicized words are those added by an amendment in 1950:

"No person not a resident of this State nor any corporation not authorized to do business in this State shall be appointed or allowed to qualify *or act* as personal representative, *or trustee under a will*, of any decedent, or appointed as guardian of an infant or committee of any person non compos mentis, unless there be also appointed to serve with the non-resident personal representative, *trustee*, guardian or committee, a person resident in this State or corporation authorized to do business in this State; *and in the event such resident personal representative, trustee, or guardian ceases, for any reason to act, then a new resident personal representative, trustee, or guardian shall be appointed in the same manner as provided in § 26–48;* provided that when the non-resident guardian or committee is the parent of the infant or person non compos mentis, the resident guardian appointed under this section shall have no control over the person of the ward. Nothing in this section shall be con-

strued to impair the validity of any appointment or qualification made prior to June seventeenth, nineteen hundred and twenty-four, nor to affect in any way the other provisions of this chapter or of § 64–123. The provisions of this section shall not authorize or allow any appointment or qualification prohibited by § 6–9." (1924, p. 415; 1936, p. 760; Michie Code 1942, § 5400a; 1950, p. 724.)

Section 8–633 of the Virginia Code creates the right of action for death by wrongful act. Section 8–634 provides:

"Every such action shall be brought by and in the name of the personal representative of such deceased person."

Section 8–638 provides in part:

"The amount recovered in any such action shall be paid to the personal representative and after the payment of costs and reasonable attorney's fees shall be distributed by such personal representative to the surviving wife, husband, child and grandchild of the decedent, or, if there be no such wife, husband, child or grandchild, then to the parents, brothers and sisters of the decedent, in such proportions as has been ascertained by the judgment of the court, and shall be free from all debts and liabilities of the deceased; *but if there be no such wife, husband, child, grandchild, parent, brother or sister, the amount so received shall be assets in the hands of the personal representative to be disposed of according to law.* * * * (Italics added.)

The precise question before us seems never to have been decided by the Supreme Court of Appeals of Virginia. In two cases in the United States District Court for the Western District of Virginia, both decided before the 1950 Amendment, it was held that a foreign personal representative could sue in Virginia under the Virginia Statute of Death by Wrongful Act. See the opinion of Judge McDowell in Pearson v. Norfolk and Western Railway Co., D.C., 286 F. 429, and the opinion of Judge Barksdale in La May v. Maddox, D.C., 68 F.Supp. 25. Judge Pollard reached a similar conclusion in Reed v. Shilcutt, D.C.E.D.Va., 119 F.Supp. 652, also decided before the 1950 Amendment.

In Rybolt v. Jarrett, 4 Cir., 112 F.2d 642, decided in 1940, our Court, after a review of the authorities in this general field, held that a civil action for death by wrongful act could not be brought by a foreign personal representative in the United States District Court for the Southern District of West Virginia. Then, on March 20, 1954, thus after the 1950 Amendment to the Code of Virginia, and after the Pearson, La May, Reed and Rybolt cases, Judge Barksdale, in First National Bank of Amherst v. Fulcher, D.C., 119 F.Supp. 759, again held that a foreign personal representative could sue in Virginia for death by wrongful act.

Both Judge McDowell and Judge Barksdale, as did we in the Rybolt case, adverted to the well-known distinction between the situation, *on the one hand,* when the personal representative, in his general capacity, sues as the representative of the deceased for the benefit of the deceased's estate, primarily for the advantage of creditors of the deceased, and, *on the other hand,* where he sues, under a statute of death by wrongful act, as a kind of statutory trustee for the benefit of designated kin of the deceased, whose creditors do not share in the proceeds recovered. See, also, Patterson v. Anderson, 194 Va. 557, 567, 74 S.E.2d 195; Anderson v. Hygeia Hotel Co., 92 Va. 687, 692, 24 S.E. 269; Cooper v. American Air Lines, 2 Cir., 149 F.2d 355, 162 A.L.R. 318; Wiener v. Specific Pharmaceuticals, Inc., 298 N.Y. 346, 83 N.E.2d 673; Smith v. Bevins, D.C., 57 F.Supp. 760.

In this connection we might note that a personal representative suing for death by wrongful act is by no means a mere figure-head or even a purely formal party. Said Mr. Justice Roberts, in

Mecom, Administrator, v. Fitzsimmons Drilling Co., 284 U.S. 183, 186–187, 52 S.Ct. 84, 86, 76 L.Ed. 233:

"The petitioner insists that, where an administrator is required to bring the suit under a statute giving a right to recover for death by wrongful act, and is, as here, charged with the responsibility for the conduct or settlement of such suit and the distribution of its proceeds to the persons entitled under the statute, and is liable upon his official bond for failure to act with diligence and fidelity, he is the real party in interest, and his citizenship, rather than that of the beneficiaries, is determinative of federal jurisdiction. This we think is the correct view. The applicable statutes make the administrator the trustee of an express trust and require the suit to be brought and controlled by him."

Again, the Virginia Statute for Death by Wrongful Act, Va.Code 1950, § 8–638, provides that if there be no persons within the prescribed classes of kinship, "the amount so received shall be assets in the hands of the personal representative to be disposed of according to law." And in one of the cases before us, we quote from the complaint of William Holt, Administrator of the Estate of Charles White, Deceased:

"8. At the time of the grievances hereinafter set forth, Charles White was a resident of the City and County of Philadelphia, Pennsylvania, who at the time of his death left no kin *and this action for a wrongful death is brought on behalf of his estate, who is the only one entitled to recover under this Act.*" (Italics added.)

Whatever may have been the law prior to the Amendment of 1950 to the Virginia Code, we think the addition by that amendment of the words "or act" in the restrictive statute requires us to affirm the judgment below and to hold that the instant actions must be dismissed. It seems fair to presume that when the Virginia Legislature, in 1950, added these words "or act" to the restrictive statute, it was familiar with the Rybolt, Pearson and La May cases. The words "or act" were then in the West Virginia Statute and in the Rybolt case, 112 F.2d at page 645, we said:

"The Statute, too, provides: 'No person not a resident of this State, shall be appointed *or act* as executor, administrator, curator, guardian, or committee.' The italicized words 'or act', we believe, must have some meaning, even if the foreign administrator is ultimately a trustee for the beneficiaries; for he is acting as a personal representative, since that is the precise term used in the Statute of Death by Wrongful Act."

Prior to this 1950 amendment, the only way foreign personal representatives were permitted to *act* in Virginia was the bringing of civil actions for death by wrongful act. We conclude, then, that the purpose of the Legislature in adding these words "or act" to the restrictive statute was just to forbid the bringing of such civil actions. Hardly could it be said that these words were added to codify the existing law as declared in the Pearson and La May cases.

The verb "act" is a rather strong word. Webster's New International Dictionary defines the verb "act": "To exert power; to produce an effect; to perform actions, to fulfill functions; to put forth energy, to move, as opposed to remaining at rest; to carry into effect a determination of the will."

By inserting this definition, Section 26–59 would then read:

"No person not a resident of this State * * * shall be appointed or allowed to qualify or '*to fulfill the functions of a personal representative after appointment and qualification*' as personal representative, * * * unless there be also appointed to serve with the non-resident personal representative, * * * a person resident in this State * * *."

In any ordinary, or even technical, sense of the word, a foreign personal representative is *acting* in Virginia, when he brings a civil action under the Virginia Statute of Death by Wrongful Act, in the United States District Court for the Eastern District of Virginia; and he is acting as personal representative, for only in that role can he bring such an action.

From our opinion in the Rybolt case, 112 F.2d at page 648, we quote:

"We are fully alive, as we have indicated, to the advantages of the liberal rule for which the appellant in the instant case contends. Appellant further, in his oral argument through counsel, expressed the view that when, as in the instant case, the person killed is a non-resident, and the persons alleged to have been responsible for the death are residents of the state in which the tort occurred, it would be much fairer to have such an action tried in a federal court. If the personal representative must be a resident of this state, there would then be no diversity of citizenship on which the jurisdiction of the federal court could be based. In the view of the West Virginia statutes that we have taken, such considerations, we think, should be addressed to the Legislature. We cannot, as has been indicated in the earlier part of this opinion, disregard what seems to us the clear intent of state statutes for the purpose of bringing about results that appear to be fair and equitable. A fortiori, can we not distort the language of state statutes in order to confer jurisdiction of actions on a federal court.

"The West Virginia Statute of Death by Wrongful Act gives the right to sue to the 'personal representative'. This term is a genus which can easily, by the logical process of dichotomy, be divided into two species: personal representatives appointed in West Virginia and those elsewhere appointed. Thus, under this statute, to permit a personal representative elsewhere appointed to sue under the Statute, we merely interpret an expressed genus as a genus and refuse to exclude therefrom one species included under that genus. But the restrictive statute of West Virginia directed against one species of personal representatives, non-residents, is equally (probably even more) direct and express. Therefore, the same interpretative technique that would induce us to include non-resident personal representatives under the affirmative provisions of the Statute of Death by Wrongful Act would seem (with added force and reason) to require us to exclude these under the broad negative provisions of the restrictive statute."

In arriving at the conclusion we have reached, we place little or no reliance on the fact, stressed by appellees, that on February 20, 1954 (the day after the opinion of the District Judge in the instant cases), a bill was introduced into the Virginia Legislature which would have, in express terms, permitted foreign personal representatives to bring civil actions in Virginia under the Virginia Statute of Death by Wrongful Act, and this bill was passed by after a hearing on March 1, 1954. But, see, Fox v. Standard Oil Co. of New Jersey, 294 U.S. 87, 55 S.Ct. 333, 79 L.Ed. 780; Murdock v. City of Memphis, 20 Wall 590, 618, 22 L.Ed. 429; Fleming v. Hawkeye Pearl Button Co., 8 Cir., 113 F.2d 52.

The judgment of the District Court is affirmed.

Affirmed.