Margarette W. RODGERS

v.

Richard Eugene IRVINE.

Civ. A. No. 468.

United States District Court
W. D. Virginia, at Harrisonburg.

Nov. 6, 1957.

Allen, Allen, Allen & Allen, Richmond, Va., for plaintiff.

Wayt B. Timberlake, Jr., Staunton, Va., for defendant.

PAUL, Chief Judge.

On January 30, 1957, Margarette W. Rodgers instituted in this court an action for damages against Richard Eugene Irvine charging that she, while a pedestrian on a street in the city of Waynesboro, Virginia, had been injured as a result of being struck by an automobile which the defendant was operating in a negligent manner on said street. The complaint alleged that the plaintiff was a citizen of Maryland and that defendant was a citizen of Virginia; it also alleged damages in excess of the jurisdictional amount. This court therefore had jurisdiction of the action.

While the action has been pending in this court and before any trial was had, the plaintiff, Margarette W. Rodgers died. As a result of this there has now been filed a motion by Ellis B. Grady, Jr., administrator c.t.a. of Margarette W. Rodgers, alleging that he has duly qualified as such administrator in the Corporation Court of the City of Waynesboro and asking that he be substituted as plaintiff in the action in place of Margarette W. Rodgers. The administrator further represents that the death of Margarette W. Rodgers resulted from the injuries sustained in the accident described in the original complaint and moves that the complaint be amended to conform to an action under Sections 8–633 and 8–634 of the Code of Virginia (the Death by Wrongful Act statute) and that the case be proceeded with as if the action had been brought under such sections.

There is no question that the common law rule that a right of action for injury to the person died with the death of the injured person is no longer the law in Virginia. Indeed it is clearly provided otherwise by statute, Code of Virginia 8–640, which will be discussed hereinafter. A question which does arise, however, and which the court has suggested on its own motion, is whether jurisdiction of the action in this court will not be lost by granting the motion of the administrator c.t.a. for substitution as plaintiff for the reason that there would then be no diversity of citizenship between the parties. The views of counsel on this question have been invited and have been given and considered.

■■ It is generally recognized that letters testamentary or of administration have no force or effect beyond the territorial limits of the state by whose authority they are granted. Out of this evolves the rule which forbids an executor or administrator who has qualified as such in one state from bringing suit in another state to recover assets of the estate except with the permission of and upon the terms prescribed by the latter state.

For many years the State of Virginia has by statutory enactment forbidden that a non-resident be allowed to qualify in this state as personal representative of any decedent unless there be appointed to serve with such non-resident a person resident in the state. Prior to 1950 the statute, so far as pertinent here, provided that,

> "No person not a resident of this State * * * shall be appointed or allowed to qualify as personal representative of any decedent * * * unless there be also appointed to serve with the non-resident personal

representative * * * a person resident in this State * * *."

Va. Code, Section 26–59.

In the above form and prior to an amendment in 1950 this statute had been held not to forbid a non-resident personal representative from maintaining an action for wrongful death in the federal court in this state as sole plaintiff. The reasoning being that the statute was intended to apply to personal representatives of the general estate of a decedent and was for the protection of local persons, such as creditors, who might have an interest in seeing that the assets of the estate were not removed from the state or otherwise mishandled by a non-resident personal representative. It was pointed out that no such considerations existed where the personal representative in an action for death by wrongful act was in effect a trustee who sued for the benefit of designated beneficiaries and where any recovery was free from the claims of creditors. See the opinion of Judge Barksdale of this district in LaMay v. Maddox, D.C., 68 F.Supp. 25, and cases there cited. See also Pearson v. Norfolk & W. Railway Co., D.C., 286 F. 429, for the opinion of Judge McDowell of this district. See also Reed v. Shilcutt, D.C., 119 F.Supp. 652, opinion by Judge Pollard of the Eastern District of Virginia. The views expressed in these cases, based on the difference in the status and power of a personal representative of the general estate of a decedent as distinguished from the restricted status and duty of a personal representative suing under a death by wrongful act statute, has found support elsewhere, McCarty v. New York etc. Co., C.C., 62 F. 437; Wilson v. Tootle, C.C., 55 F. 211. So far as appears, however, there is no decision of the Virginia courts on the question.

However in 1950 Section 26–59 of the Code of Virginia was amended so that, so far as pertinent here, it now provides as follows:

"No person not a resident of this State * * * shall be appointed or allowed to qualify *or act* as personal representative * * * of any decedent * * * unless there be also appointed to serve with the non-resident personal representative * * * a person resident in this State * * *." (Italics supplied to indicate the amendment of 1950.)

In the case of Holt v. Middlebrook, 214 F.2d 187, 52 A.L.R.2d 1043, (decided July 1954) the Court of Appeals of this (4th) circuit had occasion to pass upon the amended statute as affecting the right of a non-resident personal representative who had not qualified or been appointed as such in Virginia to maintain an action in a federal court in Virginia under the Virginia statute of Death by Wrongful Act. In affirming a judgment of the District Court for the Eastern District of Virginia the Court of Appeals held that such an action could not be maintained. It based this conclusion primarily upon the effect of the 1950 amendment to Section 26–59. After adverting to the decisions in Pearson v. Norfolk & W. Ry., LaMay v. Maddox, and Reed v. Shilcutt, hereinbefore referred to, Judge Dobie speaking for the Court of Appeals says, 214 F.2d at page 190:

"Whatever may have been the law prior to the Amendment of 1950 to the Virginia Code, we think the addition by that amendment of the words 'or act' in the restrictive statute requires us to affirm the judgment below and to hold that the instant actions must be dismissed."

Judge Dobie also pointed out that the court had previously held in the case of Rybolt v. Jarrett, 4 Cir., 112 F.2d 642, that a West Virginia statute providing that a non-resident should "not be appointed or act" as executor or administrator prevented a non-resident administrator from maintaining an action in the federal court in West Virginia under the Death by Wrongful Act statute of that state which, like the Virginia statute, requires that such actions be brought by the personal representative of the deceased.

The decision in Holt v. Middlebrook is to the effect that a non-resident personal representative as sole plaintiff cannot maintain an action for death by wrongful act in a federal court in Virginia against a resident of Virginia. It would seem evident that the effect of the decision is to divest the federal courts in this state of jurisdiction in any action for death by wrongful act against a resident of Virginia. In such cases the only possible ground for federal jurisdiction would be diversity of citizenship. But even though the deceased be a non-resident the action can be maintained only by some citizen of Virginia who has qualified as sole personal representative or by such Virginia citizen acting as co-fiduciary with a non-resident as required by Sect. 26–59. In either case there would be a citizen of Virginia on each side of the controversy and the requirements of diversity jurisdiction would not be satisfied. It is well settled that for purposes of diversity of jurisdiction the citizenship of an executor or administrator is controlling, and not that of his decedent. Dobie on Federal Procedure, at page 193; Mecom v. Fitzsimmons etc., 284 U.S. 183, 186–187, 52 S.Ct. 84, 76 L.Ed. 233; And see Warner v. Maddox, D.C., 68 F.Supp. 27.

In the instant case the motion is to substitute as plaintiff an administrator c.t.a. in the person of Ellis B. Grady, Jr., who has qualified as such in a Virginia court. While it is not so stated it is clear that Mr. Grady is a resident of Virginia; otherwise he would not have been allowed to qualify as administrator. If the substitution of this administrator c.t.a. as plaintiff were permitted we would then have a Virginia citizen suing a Virginia citizen in an action in which jurisdiction in this court was originally sought on the ground of diversity of citizenship.

Sections 8–633 and 8–634 of the Virginia Code establish the right of action for death by wrongful act and prescribe the manner and time for the exercise of such right. A further section of the Death by Wrongful Act statute and upon which the present motion for substitution of plaintiff is rested is Sect. 8–640, which so far as pertinent to this case, provides as follows:

"* * * (A)nd when an action is brought by a person injured for damage caused by the wrongful act, neglect or default of any person or corporation and the person injured dies pending the action, the action shall not abate by reason of his death, but his death being suggested, it may be revived in the name of his personal representative. If the death resulted from the injury, the motion for judgment and other pleadings shall be amended so as to conform to an action under §§ 8–633 and 8–634 and the case proceeded with as if the action had been brought under such sections. But in such cases there shall be but one recovery for the same injury."

It will be noted that this section of the statute deals with two situations which may arise following the death of a plaintiff who has pending an action for personal injuries. If the death is not attributable to the injuries, the personal representative may continue the action for the injuries. If the death is the result of the injuries the pleadings shall be so amended as to convert the case into an action for death by wrongful act and proceeded with as such. It is on the latter provision that the pending motion is based.

There is no question as to the nature of the right given to plaintiff by the statute, but that does not necessarily imply that it is a right which may be exercised in a federal court. The statute in question was enacted to regulate procedure in the state courts, and it cannot be applied in a federal court unless that court has jurisdiction of the case. The real question here is whether this court will lose jurisdiction if a resident administrator is substituted as plaintiff. I am of opinion jurisdiction will be destroyed by such substitution.

The plaintiff seeks to escape this result by reliance on the principle, stated

in numerous decisions, that where diversity jurisdiction exists at the commencement of an action a subsequent change of citizenship of one of the parties does not oust it. This is a paraphrase of the statement that diversity jurisdiction is determined by the citizenship of the parties at the time the action is instituted, and it may be accepted as correct. But only where the nature of the action remains the same. Counsel for plaintiff has cited a number of cases in support of his contention, but an examination of them shows that in each instance, while there was a substitution of parties (usually an administrator) there was no change in the nature of the action. The substituted parties merely carried on the original action.

What counsel overlook is that an action for personal injury is an entirely different action from one for death by wrongful act. This has been frequently pointed out and emphasized by the Virginia decisions. One of the leading cases emphasizing the distinction is Anderson v. Hygeia Hotel Co., 92 Va. 687, 24 S.E. 269, 271, in which there arose the question of the applicable statute of limitations in an action for death by wrongful act. The court, after referring to what was Sect. 2906 of the then existing Code of Virginia, similar in effect to the present Sect. 8–640 (hereinbefore quoted) said in part:

"It was claimed and earnestly contended in argument that the effect of these statutes is to cause the right of action for an injury to the person, which is produced by the wrongful act, neglect, or default of another, and death is the result of such injury, to survive, and to alter, in such case, the rule of the common law that an action for an injury to the person dies with the person, so that the limitation upon the right of action in the case at bar would be, under the provisions of section 2927, of the Code, five years, and not one year. This is, however, a mistaken view. * * * The language of the act clearly indicates that the legislature had in view the rule of the common law, and that its purpose in passing the act was to provide for the case of an injured person who had a good cause of action, but died from injuries without having recovered his damages. It intended to withdraw from the wrongdoer the immunity from civil liability which the rule of the common law afforded him, and to provide for the recovery of such damages notwithstanding the death of the injured person. In so doing, however, it plainly did not intend to continue or cause to survive his right of action for the injury, but to substitute for it, and confer upon his personal representative a new and original right of action." (Citing cases.)

"It is very clear that this new right of action, though founded upon a wrong already actionable by existing law in favor of an injured person, for his damages, was not intended to be, and is not, a derivative one. A brief consideration of the general principles of the act will demonstrate the correctness of this view. Where the right of action, which the deceased person had in his lifetime survives, his personal representative sues as the legal owner of the personal estate which has descended to him in course of law; and the recovery is for the benefit of, and constitutes assets of, the estate of the decedent, with the consequent liability for the payment of his debts. The right of action of the personal representative is the same that was possessed by the deceased in his lifetime. It proceeds on the same principles, is sustained by the same evidence, and the measure of recovery is the same. But very different is the right of action given by the act in question. The act requires the suit to be brought by and in the name of the personal representative, but he by no means sues in his general right as personal representative. He sues wholly by virtue of the stat-

ute, and in respect of a different right. His suit proceeds on different principles. He sues, not for the benefit of the estate, but primarily and substantially as trustee for certain particular kindred of the deceased, who are designated in the statute."

■■ The court then points out that not only is there a different party plaintiff but there are various other differences in the nature of the action. That in an action for personal injury the elements of damage are for the physical and mental sufferings of the injured party and the loss sustained by him; but that in an action for wrongful death the evidence as to damages would relate to the pecuniary loss sustained by the beneficiaries named in the statute and to the grief and mental anguish sustained by them and their loss in being deprived of the care and attention of the deceased. That in an action for personal injury any recovery would constitute assets of the injured party's estate and subject to the payment of his debts; while any recovery in an action for wrongful death is, by the express terms of the statute, free from such liabilities. Further there is no limit in the amount that may be recovered in an action for personal injury; whereas in an action for wrongful death there is a limit imposed by statute on the amount that may be recovered.

See also Beavers' Adm'x v. Putnam's Curator, 110 Va. 713, 67 S.E. 353, citing and reaffirming what was said in Anderson v. Hygeia Hotel in construing then Section 2906 of the Code. And see Virginia Iron, Coal & Coke Co. v. Odle's Adm'r, 128 Va. 280, 309, 105 S.E. 107. See also Atlantic Greyhound Lines v. Keesee, 72 App.D.C. 45, 111 F.2d 657, 660, the Court of Appeals of the District of Columbia citing Anderson v. Hygeia Hotel and Virginia Iron, Coal & Coke Co. v. Odle's Adm'r; Ruebush v. Funk, 4 Cir., 63 F.2d 170, 172.

Some of the Virginia cases have adverted to the confusion that has arisen at times in failing to note the distinction between the terms "cause of action" and "right of action." They have pointed out that in both an action for personal injuries and one for wrongful death the *cause* of action is the same, namely, the happening of the act which caused the injury or the death. But that the *right* of action is entirely different in the two cases; in one it exists in the injured person by virtue of the common law, in the other it rests solely in the personal representative and only by grace of a statutory enactment. The nature of the action is different as stated in the cases cited. It is to be noted that the language of the statute, Sect. 8–640, is that a pending action for personal injuries shall, on the death of the plaintiff, be made to conform to an action for wrongful death and proceeded with as if it had been brought as such. There is no mention of revival or survival in this provision of the statute, but only a right granted to amend the pleading and convert the action into one of a different nature.

■ If I correctly interpret Holt v. Middlebrook, supra, as making it impossible for an action for death by wrongful act to be maintained as an original action in a federal court in Virginia against a citizen of this state (because of the necessity of a Virginia administrator as plaintiff) then we would face a striking inconsistency in permitting such an action to be maintained only because the plaintiff's decedent had previously sued for personal injuries. It seems that at present an action for wrongful death against a citizen of Virginia may be maintained only in the state courts, and that this situation will continue unless the General Assembly of Virginia should choose to modify the effect of the 1950 amendment to Sect. 26–59. Holt v. Middlebrook, supra.

On consideration it appears to me that the proper and only practicable procedure for disposition in this court of the instant case is to grant the motion for substitution of the administrator c.t.a. as plaintiff and, having done so, dismiss the action for lack of jurisdiction. This course will be followed.