Opinion.

---

## Richmond.

### ARMISTEAD v. KIRBY AND OTHERS.

#### March 14, 1907.

1. TRUST DEED TO SECURE CREDITOR—*Death of Creditor—Necessity for Administration Before Sale.*—After the death of a creditor whose debt is secured by a deed of trust on real property, there can be no valid sale under the deed of trust until there has been qualification on the estate of the creditor secured in the deed, except with the consent of the debtor and of all persons interested in the debt secured; and even conceding that the creditor left no unsatisfied debts and that her son was her sole distributee, if an agreement between the son and the debtor that the trustee might sell the property conveyed to pay the debt be relied on, such agreement should be clearly established.

Appeal from a decree in chancery of the Circuit Court of York county. Decree for defendants. Complainant appeals.

*Reversed.*

The opinion states the case.

*Jno. W. Friend,* for the appellant.

*J. N. Stubbs* and *C. H. Shield,* for the appellees.

KEITH, P., delivered the opinion of the Court.

The bill of complaint of Daniel Armistead shows that, in March, 1897, he conveyed to George E. Bryan, trustee, a tract of land situated in York county, Va., containing eighty-three acres, to secure the payment to Susan E. Kirby, her heirs and assigns, of the sum of $550, with interest from date. It was provided

in the deed that in case a sale became necessary, it should be made after first advertising the time, place and terms thereof for thirty days, at the front door of the courthouse of York county, for cash as to so much of the proceeds as might be necessary to defray the expenses of executing the trust, including a trustee's commission of five *per cent.,* the fees for drawing the trust deed and for recording the same if unpaid at the time of the sale, and to discharge the amount of money payable upon the bonds executed for the debt; and as to the residue of the purchase money it should be made payable at such time and secured in such manner as the grantor should direct, and in case of his failure to give such direction, at such time and in such manner as the trustee should think fit.

About the 15th of April, 1905, the trustee advertised the land for sale, and, by his deed dated April 18th of the same year, in consideration of the sum of $200, conveyed it to Richard W. Shields, who had become the purchaser. The bill further avers that the notice required by the deed of the time, place and terms of sale, was not given; that the terms of sale were not advertised as required; and that the price agreed to be paid by the purchaser Shields was grossly inadequate; that the complainant is a citizen of Virginia, but for several years preceding the 13th of April, 1905, he had been at work in the state of New Jersey, returning to Virginia from time to time at irregular intervals; that the fact of his residence in New Jersey was well known to W. L. Kirby, who had led him to believe that payment of the balance owing on the debt would not be exacted of him except and until it would meet his convenience and wishes to pay the same; that no notice was given him of a purpose to require a sale under the deed of trust, other than that posted at the courthouse door; and that complainant had no notice whatever that said property was advertised for sale until after the sale had been made. Other circumstances are set out in the bill as invalidating the sale which need not be considered.

W. L. Kirby, Bryan, the trustee, and Richard W. Shield, the purchaser, all answered the bill and denied its allegations.

We shall not find it necessary to go into a discussion of the controverted facts. Before the taking of proof, it was agreed by counsel for plaintiff and defendants that the bond or bonds secured by the deed of trust in the proceedings mentioned were the property of Susan E. Kirby; that she died intestate before the sale took place, and there had been no qualification on her estate; that W. L. Kirby, one of the defendants, was the sole heir and distributee of said Susan E. Kirby; that there were no debts outstanding against her estate; and that the original consideration for the land in controversy was $600.

It appears in evidence that at least a good part of the money paid from time to time upon the debt was paid to W. L. Kirby by Armistead, and receipted for by him. The last payment, a receipt for which appears in the record, was made on March 31, 1903, and in a letter written by Kirby to Armistead on that occasion he says: "Yours of the 29th containing a check for $73.00 came to hand. Enclosed you will find receipt for the same, also your second note paid up in full, which leaves a balance of $39.37, which goes as part payment on your third and last note. Please accept thanks for money sent. Since writing you last I have had the misfortune to lose my mother. I have been at right much expense lately and the money came in a good time. Try and do the best you can for me, for it is to your interest as well as mine. Wishing you the best of health and prosperity, I remain, yours truly, W. L. Kirby."

We think it too plain for discussion that there could be no lawful sale under the deed of trust until there had been qualification upon the estate of the creditor secured in the deed; and if it be conceded that the creditor being dead, and it being known to all the parties in interest that she left no unsatisfied debts, and that W. L. Kirby was her sole distributee, it was agreed between Kirby and Armistead, the debtor, that the trustee might proceed to sell under such conditions, those facts

.and Armistead's agreement to such a course should have been clearly established, and it is rendered all the more obligatory that he should have had actual notice that his property was to be sold. In other words, the trustee had no right to proceed under the deed of trust, because the beneficiary was dead, and there had been no qualification upon her estate, and that there is no evidence of any agreement or arrangement between Armistead and W. L. Kirby as the sole distributee of his mother by virtue of which the trustee was authorized to execute the trust under the conditions as they existed.

For these reasons the decree of the Circuit Court will be reversed and the cause remanded, in order to make proper parties and proceed regularly to have the land sold under the direction of the court, unless the debt due upon it be paid.

*Reversed.*