## CIRCUIT COURT OF WISE COUNTY

Roy L. Wells, Jr., et al.

v.

Jeffery A. Sturgill,
Substitute Trustee, et al.

March 21, 1988

Case No. C88-4

By JUDGE J. ROBERT STUMP

This first impression issue in Virginia presented to the court by motion for summary judgment involves the interpretation of Va. Code § 26-59 construing whether or not a foreign administrator has the legal capacity without the appointment of a resident ancillary administrator to institute foreclosure proceedings in Virginia under a deed of trust.

Roy Wells, Jr., *et al*, purchased a parcel of land in the Town of Wise, Wise County, Virginia, on January 7, 1986, and assumed the payment of a promissory note secured by a deed of trust payable to Etta B. Belcher, *et al.*

Etta B. Belcher died in Alabama August 16, 1986. Bobby Rainey was appointed administrator of the estate of Etta B. Belcher, deceased, by an Alabama Probate Court on January 13, 1987. There has been no appointment of a resident or ancillary administrator of the Etta B. Belcher estate in the Commonwealth of Virginia.

By letter dated March 25, 1987, written on behalf of Bobby Rainey, administrator of the Etta Belcher estate, an Alabama attorney notified Roy L. Wells, Jr., that the payments on the deed of trust note were past due and advised

that if not paid he would retain Virginia counsel to retake the property.

Bobby Rainey, administrator of the Etta B. Belcher estate, *et al*, executed a written document appointing Jeffery A. Sturgill as substitute trustee under the aforesaid deed of trust on August 17, 1987. This instrument was signed before a Wise County, Virginia, Notary Public and recorded in the Clerk's office of Wise County, Virginia.

Also on August 17, 1987, in Wise County, Virginia, Bobby Rainey, administrator, *et al*, and Jeffery A. Sturgill, substitute trustee, signed a "Notice of Breach of Agreements in Deed of Trust," and mailed same to Roy L. Wells, Jr., *et al*.

By letter dated October 5, 1987, substitute trustee on behalf of Bobby Rainey, administrator, *et al*, again notified Roy L. Wells, Jr., of foreclosure sale, *inter alia*.

On November 4, 1987, foreclosure sale under the said deed of trust was held in Wise, Virginia, and third parties purchased the real property at issue.

Roy L. Wells, Jr., *et al*, bring this action to declare the foreclosure sale invalid on the ground that per Va. Code Section 26-59 the foreign administrator could not institute these foreclosure proceedings in Virginia without the appointment of a resident administrator of the estate of Etta B. Belcher, deceased.

The substitute trustee contends that foreclosure of a deed of trust does not require court action; is not controlled by § 26-59; and therefore it is unnecessary to appoint a resident administrator under the facts of this case.

It is well settled in Virginia that "a foreign administrator, who has acquired no status in Virginia, is without authority to institute in his official capacity *any action or suit in the courts* of this state." (emphasis mine). *McDaniel v. Carolina Pulp Co.*, 198 Va. 612, 615 (1956); *Moore v. Smith*, 177 Va. 621, 625 (1941); *Fugate v. Moore*, 86 Va. 1045, 1047 (1890); and *Holt v. Middlebrook*, 214 F.2d 187 (4th Cir. 1954). These Virginia cases involved court actions, but do not reach the issue presented here where court action was not necessary to foreclose under a deed of trust.

Virginia Code § 26-59 provides in pertinent part, "a natural person, not a resident of the Commonwealth shall not be . . . allowed to . . . *act* as a personal representative . . . unless there is also appointed to serve with the nonresident personal representative . . . a person resident in this Commonwealth . . . ."

The key word for interpretation in the statute is "act." Black's Law Dictionary, Fifth Ed., p. 24, defines "Act": "it means something done voluntarily by a person, and of such a nature that certain legal consequences attach to it."

Inserting this legal definition for "act" in § 26-59, it is reasonable to conclude that Bobby Rainey, the foreign administrator, voluntarily did something of such a nature that certain legal consequences attached to it, i.e., instituted legal procedures in Virginia to foreclose on a promissory note and sell real property under a deed of trust.

The foreign administrator "acted" ("exerted power"; "produced an effect"; "performed actions"; "fulfilled functions"; See Webster's New International Dictionary, and *Holt v. Middlebrook*, 214 F.2d at p. 1047).

Bobby Rainey, the foreign administrator of the Etta Belcher estate, physically put into motion certain actions both from Alabama and from Virginia. He performed actions and fulfilled functions with ultimate legal consequences in his capacity as a nonresident personal representative of the estate, through his Alabama attorney and his designated Virginia substitute trustee.

He signed and appointed a substitute trustee while in Virginia. He hired an Alabama attorney to write a letter on his behalf to the deed of trust debtors, who resided in Virginia where the real property at issue is located. While in Virginia, he signed a "Notice of Breach of Agreements in Deed of Trust," and mailed it to the deed of trust debtors. He requested and instructed the substitute trustee to foreclose and sell said Virginia real property. Although it is unnecessary to file a court suit to foreclose under a deed of trust; nevertheless, the courts oversee the trustee and supervise the approval and accounting under a deed of trust foreclosure sale.

The case of *Armistead v. Kirby*, 106 Va. 585 (1907), appears applicable and instructive here. *Kirby* is different

in that there was no foreign administrator acting per Va. Code § 26-59. However, a basic principle of law was established in Virginia governing deeds of trust and administrators of creditor's estates thereunder, i.e., "there could be no lawful sale under the deed of trust until there had been qualification upon the estate of the (deceased) creditor secured in the deed." 106 Va. at 587. The Virginia Supreme Court went on to say at p. 588, "in other words, the trustee had no right to proceed under the deed of trust, because the beneficiary was dead, and there had been no qualification upon her estate, and that there is no evidence of any agreement or arrangement between Armistead and W. L. Kirby as the sole distributee of his mother by virtue of which the trustee was authorized to execute the trust under the conditions as they existed."

Therefore, if an administrator must be appointed in Virginia before a creditor's estate may act and foreclose under a deed of trust, it logically follows that the reasonable interpretation of Va. Code § 26-59 would compel a nonresident administrator to obtain the appointment of a resident or ancillary administrator before acting or instituting foreclosure proceedings under a deed of trust in Virginia.

Wherefore, for the reasons set forth above, this court holds that pursuant to Virginia Code § 26-59 a foreign administrator "acts" in Virginia when he institutes legal procedures to foreclose under a deed of trust, and before he will be allowed to act in this capacity there must also be appointed a resident personal representative in this Commonwealth. The foreclosure sale herein held on November 4, 1987, is declared void, invalid and shall be set aside until the appropriate statutory legal procedures are complied with.